### T. C. Rivera v. Harry L. White, Guardian, et al.

#### No. 1019. Decided June 3, 1901.

1. **Statute of Frauds—Creditor—Wife's Claim for Alimony—Burden of Proof.**

A well founded claim of a wife against her husband for alimony, where divorce proceedings are pending, constitutes her a creditor entitled to protection against a voluntary conveyance by the husband; but, in the absence of proof that any right to alimony existed or was asserted by her, his mere motive of defeating a possible claim for alimony by the conveyance does not make it void as to her; there was no fraud where there was no creditor. (Pp. 539-541.)

2. **Same—Trust—Fraud.**

One who made a voluntary conveyance on a secret trust to hold for or reconvey to him, can enforce such reconveyance against the grantee or his heirs, though the deed was made in order to avoid a possible claim for alimony by his wife, who was then suing for divorce, in the absence of proof that she was entitled to or claimed such alimony. (Pp. 540, 541.)

3. **Foreign Law—Presumption.**

The law of Illinois on the subject of alimony in divorce proceedings will be presumed to be the same as that of Texas, which does not allow it as matter of course, in the absence of proof. (P. 541.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Rivera sued White, guardian, and others, and appealed from a judgment for defendants, on the affirmance of which he obtained writ of error.

*Finley, Harris, Etheridge & Knight*, for plaintiff in error.—The covinous intent is but one of the three essential elements of a fraudulent conveyance, and will not operate to deprive one of his property in the absence of the other two essential elements, which are, (1) a creditor to be defrauded; and (2) the conveyance of property subject in whole or in part to the demands of the creditor designed to be defrauded. "The law takes no cognizance of fraudulent practices that injure no one, and so no matter how covinous the intent, unless the thing upon which he operates be something which the law would appropriate to the payment of the debt, the conveyance can not be fraudulent." 14 Am. and Eng. Enc. of Law, 2 ed., 255, and cases cited.

The Court of Civil Appeals manifestly proceeded upon the erroneous theory that there exists no well established exception to the maxim that "he who comes into equity must come with clean hands." That to this maxim there are certain defined and well established

exceptions is announced without dissent by all of the authorities. 11 Am. and Eng. Enc. of Law, 2 ed., 164, and cases cited under note 4; 1 Pom. on Eq. Jur., 2 ed., secs. 399, 401, and cases cited; Vandever's Admr. v. Freeman, 20 Texas, 334; Fellows v. Lewis, 65 Ala., 343; O'Conner v. Ward, 60 Miss., 1025; Dearman v. Dearman, 4 Ala. (N. S.), 521; Brady v. Ellison, 2 Hayw. (N. C.), 348; Smith v. Bruser, 2 Hayw. (N. C.), 296; Boyd v. De la Montagnie, 73 N. Y., 498. See also note of Judge Freeman, 3 Am. St. Rep., 745, bottom of page.

It is respectfully submitted that the case of Vandever v. Freeman, by Judge Roberts, is directly in line with O'Conner v. Ward, and that Judge Roberts' opinion recognizes the well established principle that a covinous intent alone, and in the absence of either a creditor to be defrauded or of a conveyance of property subject to the demands of the creditor designed to be defrauded, will not constitute such a fraud as to deprive the complaining party of relief, and it is further submitted that the principles announced in Vandever v. Freeman are directly applicable to and are decisive of the contention of the plaintiff in error.

*C. W. Starling* and *Gilbert H. Irish*, for defendants in error.—The conveyance was made in fraud of the rights of the then wife of the plaintiff in error. Rivera says that his wife had prior to making this deed instituted suit against him for divorce in the State of Illinois, where they both resided, and that he feared she might attempt to fix some charge against him for alimony. This was not a "phantom fear" as pictured by his counsel in their brief. It was something substantial, as by reason of his residence in Illinois the courts of that State could acquire jurisdiction over his person and render judgment against him for alimony, a just and legal obligation that is frequently imposed upon husbands in divorce proceedings. In fixing the amount of alimony the court would very properly have considered the value of his estate and his ability therefore to have met the amount charged against him. This property was apparently conveyed for the purpose of taking it out from among his available assets and placing it where he preferred it might be, rather than to let his wife acquire any judgment against him on account of his ownership thereof. If not a gift it was surely in fraud of her rights, and in the latter event no court of equity should lend him aid in seeking to reassert his rights therein.

WILLIAMS, ASSOCIATE JUSTICE.—On the 28th day of October, 1897, plaintiff in error, who resided in Chicago, conveyed the land in controversy to his sister, the wife of Harry L. White, one of defendants in error, who resided in Texas, by a deed reciting the payment of "one dollars and other considerations." In fact, there was no consideration, but the property was conveyed upon an agreement that Mrs. White should hold it in trust for plaintiff for the purpose of avoiding a claim for alimony which plaintiff feared his wife, who had

sued him in Illinois for a divorce, would make against him. Mrs. White also agreed to sell the property for plaintiff's benefit or reconvey it to him. The divorce was granted in April, 1898, but there is no evidence that any claim for alimony was ever set up or allowed, or that facts existed entitling the plaintiff's wife to such an allowance. Mrs. White died without having reconveyed the land, leaving her husband and some minor children surviving her. White executed to plaintiff a release of all claim to the land and plaintiff brought this action against the minor children, joining White as their guardian, to recover the property. A recovery was denied him in the District Court and Court of Civil Appeals, the latter court basing its decision upon the proposition that the deed was binding upon him and that the trust could not be enforced because of his intent, with which the deed was made, to defraud his wife of her alimony.

There could be no doubt of the correctness of this holding if it appeared that the wife had a well-founded claim for alimony against her husband at the time the deed was made. It is held that such a claim constitutes the wife a creditor entitled to protection under the statute of frauds (Lott v. Kaiser, 61 Texas, 665) ; and it is well settled in this court that deeds made in fraud of creditors pass title as between the parties to them, and that agreements on the part of grantees to hold in trust and to reconvey will not be enforced. Eastham v. Roundtree, 56 Texas, 110. But it does not appear in the case before us that there was any creditor whose rights or interests could be prejudiced by the conveyance, and the question is, whether or not the mere motive which impelled the party to make the deed will preclude him from enforcing the trust upon which it was executed.

There are some authorities which decide this question in the affirmative, and with these the Court of Civil Appeals agreed. Tantum v. Miller, 11 N. J. Eq., 551; Jackson v. Dutton, 3 Harr. (Del.), 98; Fletcher v. Fletcher, 2 MacArthur (D. C.), 38. There is an intimation of Judge Moore in Cameron v. Romele, 53 Texas, 243, tending in the same direction, but the decision was based upon another point and that now before us was not determined.

Other authorities, with better reason, we think, hold that where there is no creditor there is no fraud, and therefore no policy of the law to prevent the enforcement of the trust. Brady v. Elison, 2 Hayw. (N. C.), 348; Smith v. Bowen, Id., 296; Kervick v. Mitchell, 68 Iowa, 273; Day v. Lown, 51 Iowa, 364; O'Conner v. Ward, 60 Miss., 1027. See also Vandever's Admr., v. Freeman, 20 Texas, 333.

The statute of frauds, for the protection of creditors, makes void all conveyances of property made by their debtors with intent to defraud them, and, in order to carry out its policy and deter debtors from such attempts to put their property beyond the reach of creditors and, at the same time, secure to themselves the enjoyment of it by secret arrangements with those to whom it is apparently conveyed, the statute makes such conveyances valid and binding between the parties; and courts, in furtherance of this policy, refuse to give any

relief against such conveyances and to enforce any agreements or trusts growing out of them.  But the statute applies only to conveyances made by debtors, and it is therefore only to these that such consequences should attach.  The statute does not prohibit conveyances by persons who are not indebted, and no policy of the law is thwarted by a mere motive which can not work injury to creditors.  Ellis v. Valentine, 65 Texas, 547.  The motive with which such a conveyance is made and the fears by which it is prompted are of no importance unless there are creditors to be protected by the statute.  When the statute does not apply to the case, there is nothing to prevent the court from enforcing the rights of the parties as they are fixed by their agreements.  That a conveyance upon a trust, such as that shown by the evidence, constitutes the cestui que trust the equitable owner of the property is not to be disputed, unless the motive with which the deed is made vitiates the trust; and, we think, the law has no concern with the futile intent to protect the property from a claim which its owner fears may be asserted against him, but which is never asserted and does not exist.  The law of this State does not entitle the wife, suing for divorce, to alimony as a matter of course, and there is no evidence that the law in Illinois is different.  Rev. Stats., art. 2896; Wright v. Wright, 6 Texas, 29.  The facts of the case are, therefore, not such as to preclude plaintiff from enforcing the trust upon which the conveyance was made.

The judgments of the District Court and the Court of Civil Appeals will be reversed and judgment will be here rendered for the plaintiff for the land.  But, as the defendants are minors and their guardian has made only such defense as he was bound to make, the costs of the suit will be adjudged against the plaintiff.

*Reversed and rendered for plaintiff in error.*