[No. 6214. Decided August 25, 1906.]

MARTHA A. BLUETT et al., Appellants, v. ANNIE WILCE, Respondent.[1]

ACTIONS—LEGAL OR EQUITABLE—JURY TRIAL— CANCELLATION OF DEED FOR FRAUD. An action is an equitable one, in which the parties are not entitled to a jury trial, where the complaint was to set aside a deed by reason of an alleged trust and for relief for fraud and violation of a trust, and where the issues involved a mortgage on premises in possession of the mortgagee, which mortgage had never been paid.

TRIAL—FINDINGS—NECESSITY. In an equity case in which the court dismisses the action, it is not error to refuse to make findings of fact.

1Reported in 86 Pac. 853.

CANCELLATION OF INSTRUMENTS—FRAUD—EVIDENCE—ADMISSIBILITY.
In an action by a divorced woman to set aside a deed alleged to have
been made by her to a trustee, evidence offered by the plaintiff as to
the treatment accorded her by her former husband is inadmissible.

SAME. In an action to recover land from an alleged trustee *ex
maleficio*, it is not error to testify as to her expenses upon the land,
since the claim of the plaintiff required an accounting between the
parties.

SAME—PLEADING—INCONSISTENT DEFENSES. In such an action
defenses are not inconsistent by reason of a prayer that the action be
dismissed, followed by another to the effect that, if any of the
plaintiffs are found to have title to the property, an accounting be
had, and the defendant be allowed repayment of sums advanced and
taxes paid, with interest.

APPEAL—REVIEW—FINDINGS—CANCELLATION OF DEED—EVIDENCE.
Where the evidence for the cancellation of a deed is conflicting, and
eleven years had elapsed since the conveyance was made before com-
mencement of the action, the findings of the trial court upholding
the validity of the deed will not be disturbed on appeal; since the
evidence must be clear and convincing to set aside a deed.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered November 29, 1905, in
favor of the defendant, after a trial on the merits before the
court without a jury, in an action for the cancellation of a
deed. Affirmed.

*L. H. Prather,* for appellants.

*Graves, Kizer & Graves,* for respondent.

DUNBAR, J.—The pleadings in this case are too lengthy for
reproduction here. The essential allegations, omitting those
in relation to the title to the homestead, which we do not
consider important, are about as follows: That after the
death of the plaintiff Martha A. Bluett's husband, the said
Martha was inexperienced in business matters, having always
depended upon her husband to attend thereto and for his
advice in whatever she did in relation thereto, and subse-
quent to his death and up to the time of making the deed to
defendant she depended upon the advice of others, and espe-
cially that of one Henry Boston, and of the defendant, in

the management of her business affairs (the said Henry Boston, about a year after the death of plaintiff's husband, married the plaintiff, and they lived together as husband and wife for about seven years, when the plaintiff obtained a divorce from said Boston) ; that in the year 1892, after the death of said Martha's husband, she had become indebted for provisions and other necessaries in the sum of about $200, and to defendant for a certain loan theretofore made by said defendant to her in the sum of $400, which latter indebtedness she had then secured by executing a mortgage on said land to said defendant, who then held said mortgage; that at said time it was represented to her by the said Henry Boston and the defendant, that the said creditors other than said defendant would probably attempt to enforce collection of their debts and subject said land to payment thereof; that at said time said land was very valuable and worth the sum of $2,000 ; that at said time a serious and disastrous financial panic was in existence, and for the time being said land could not be sold for any considerable per cent of its real value; but that it was then believed by her, and the said persons advised her, that said financial panic would soon pass by, and properties, including her said land, would again become available for paying off all of her said debts and leaving her a competency besides ; that she was advised and persuaded by the said Henry Boston and the defendant that it would be proper and right for her to convey said land by a proper deed of conveyance to the defendant, and for the defendant to hold the same in trust for her and the said heirs, the other plaintiffs in this case, for the purpose of allowing plaintiff to handle the same and to sell and dispose of parts thereof to raise money for the payment of said debts, and to prevent said land from being sacrificed, etc., all of which advice and representations said plaintiff then believed and relied upon, and by reason of said reliance, and having no other reason or consideration, and believing and relying on the said promises

of the defendant that she, the defendant, would hold the said deed in trust for her, the said plaintiff, and reconvey said land to her upon her demand therefor as she had promises to do, she made the conveyance aforesaid; that the said advice of defendant and her promise to hold said deed in trust for plaintiff and for her children, and her said promise to reconvey said land to said plaintiff were false and fraudulent, and were falsely and fraudulently made by the defendant for the purpose of getting possession of said land and holding the same for her own use and benefit without paying any consideration therefor; that thereafter, to wit, on the — day of October, 1894, the defendant wrongfully and fraudulently claimed said deed to be an absolute conveyance of said land to her, and wrongfully and unlawfully took possession of all of said land, and ousted the plaintiff therefrom, and ever since has wrongfully and unlawfully held possession thereof; that the plaintiff, on the 1st day of November, 1894, made demand upon the defendant that she reconvey said land to plaintiff, and the defendant then wrongfully and fraudulently refused to make said conveyance and ever since has so refused; alleged the rental value of the land, and demanded judgment for the possession of said land, and for the sum of $500 damages for the wrongful detention thereof, and that said land be cleared of the cloud of said deed by the plaintiff Martha A. Bluett to the defendant.

The answer denied the confidential relations, representations, and advice, and all matters relating thereto; denied that the defendant promised to hold said land for plaintiff, to reconvey the same on demand of said Martha; admitted the execution and delivery of the deed, but denied that it was without consideration, or that there were any fraudulent representations or promises made in regard thereto, or that defendant wrongfully refused to convey the same; but alleged that she had at different times advanced money to the plaintiff in the aggregate of $800, which had never been paid

except by the conveyance of said land, and that said $800 was a liberal price for said land, and that the said Martha then deeded said land to defendant absolutely and in fee in payment of said indebtedness; that defendant, immediately upon the execution of said deed, entered into the full and exclusive possession of said land and ever since had been and now was in the open, and notorious possession of the same under claim and color of title and good faith, adversely to plaintiff, and had during all of said time paid all taxes legally assessed thereon. We think this is sufficient to present the case for discussion.

The case was tried without a jury, the court finding the issues in favor of the defendant and dismissing the action at plaintiff's cost. When the case was called for trial the plaintiffs objected to its trial by the court without a jury, and requested the court to call a jury to try the case, which objection was overruled and request denied by the court. At the close of the trial of said case and before the court had signed the judgment herein, plaintiffs requested the court to make its findings of fact, which the court refused. The errors assigned are as follows: (1) The court erred in refusing to set said case for trial as a jury case, and in sending the same to the equity department for trial as an equity case; (2) the court erred in overruling the plaintiff's objection to the trial of the case without a jury and in denying the plaintiffs' request that the court call a jury to try the cause; (3) the court erred in refusing plaintiffs' request to make and sign findings of fact; (4) the court erred in refusing to allow the plaintiff, Mrs. Bluett, to testify as to her husband's treatment of her during their married life; (5) the court erred in allowing the defendant to testify as to her expenses on the land; (6) the court erred in finding for the defendant and in dismissing the action at plaintiffs' cost.

It will be seen that the first and second assignments comprise the same claim, viz., that this is not an equitable action

and that, therefore, the appellants were entitled to a trial by
jury. We do not think that this claim is tenable. This is
not an action in ejectment for the possession of the land in
question. The whole complaint shows that it is an action to
cancel a deed by reason of an alleged trust having been vio-
lated, and for relief for fraud perpetrated by respondent in
obtaining the deed to said land and in fraudulently refusing
to reconvey, thereby violating her trust. There is no valid
or subsisting interest in the property in question alleged, but
the whole trend of the complaint is to establish a trust *ex
maleficio,* an action which from its very nature is peculiarly
within the province of a court of equity. And not only the
complaint and the answer indicate that the action was of this
character, but the testimony tends to show that the issues
were purely equitable. There is involved in the issues, as
shown by the testimony and by the pleadings, a mortgage on
the land in question, which it is claimed that appellants have
never paid nor offered to pay, and the respondent would there-
fore be entitled to possession until appellants had paid their
indebtedness to defendant and an accounting had been had of
the sums due.

This case is parallel with that of *Rozell v. Vansyckle,* 11
Wash. 79, 39 Pac. 370, the main allegations in this case be-
ing identical with the main allegations there. In that case it
was alleged that the plaintiff was of weak mind and un-
accustomed to doing business; that he had been advised by a
person who pretended to be his friend, to make a deed; that
he had been overreached and thereby defrauded, and plaintiff
asked to have the deed cancelled and to be reinstated in his
land both as to possession and title. In this case as in that, if
the allegations of the complaint are true, appellants' remedy
would be in equity to set aside the deed on the ground that
the transaction raised a trust *ex maleficio,* and that the stat-
ute of limitations would not bar such action. In that case this

court quoted from volume 2 of Pomeroy's Equity Jurisprudence, § 1053, where it is said:

"In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust upon the property thus acquired in favor of the one who is truly and equitably entitled to the same;  .  .  .  and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust."

The determination that this case was properly tried by the court disposes of the third assignment, that the court erred in refusing plaintiffs' request to make and sign findings of fact. We think the objection to the testimony offered as to the treatment accorded the appellant Martha A. Bluett by her husband Henry Boston was properly sustained. It could not in any way have a tendency to throw light upon the questions at issue. Nor did the court err in allowing the respondent to testify as to her expenses upon the land, for in case the court had taken the view of the transaction that was claimed for it by the appellants, an accounting would have been necessary to determine the rights between the parties, and the amount of expenses incurred by the respondent during the existence of the trust would have been a proper item for consideration. In this connection we will notice the contention of the appellants that the answer of the respondent was inconsistent. It is true that in the prayer it is said that,

"If the court herein shall hold that any of said plaintiffs have any right, title or interest in or to any part of said land, that an accounting be had of the various sums of money advanced by this defendant for the use and support of said

plaintiffs herein, and of all taxes paid by this defendant on said land, and of all other sums due this defendant from plaintiffs herein; that said interest be made subject to the payment of its just proportion of the amount found to be due said defendant for the various sums of money, together with interest thereon, advanced by said defendant to said plaintiffs."

But the first prayer is that this action may be dismissed and that respondent go hence without day, and that she recover of plaintiffs her costs herein incurred. The fact that the respondent recognized the fact that the court might possibly place a different construction upon the transaction than that which was claimed by the respondent to be the true construction, and that the respondent desired to protect her rights in case said construction was placed upon the transaction by the court, does not constitute an inconsistent defense.

This brings us to the main question of whether or not the allegations of the complaint were sustained by the appellants' testimony. We have carefully examined the testimony and, in consideration of the fact that eleven years had intervened between the time when the deed of reconveyance was demanded by the appellants and the commencement of this action, which in itself is a suspicious circumstance entirely unexplained by the appellants, and in consideration of the further well-established rule that evidence must be clear and convincing to overcome the plainly expressed intention of so solemn an instrument as a warranty deed, and in view of the conflicting character of the testimony which it would be useless to analyze at length here, we are of the opinion that the judgment of the court is sustained by the testimony, and it is therefore affirmed.

Mount, C. J., Root, Fullerton, and Crow, JJ., concur.