[No. 1386.   December 8, 1911.]

MARY E. COLLINS, Appellant, v. JULIA SCHUMP, et al, Appellees.

### SYLLABUS.

1. The demurrer to the evidence of the plaintiff being sustained by the lower court, the testimony introduced on behalf of the plaintiff is deemed to be true and every conclusion which it tends to prove must be admitted.

2. Evidence reviewed and it clearly established fraud on part of appellees. A court of equity should, therefore, give appellant relief.

3. A recovery will not be denied appellant on the ground that she executed the conveyance to defraud creditors, when in fact there were no creditors, and no one was or could have been injured by the transfer. The mere fact that her husband was indebted to the bank would not create any liability on her part.

Appeal from the District Court for Quay County, before M. C. Mechem, Associate Justice. Reversed.

C. H. Hittson for Appellant.

On demurrer to the evidence every part of the testimony favorable to the plaintiff is deemed to be true and every conclusion which it tends to prove is deemed to be admitted. Jones v. Adair, 91 Pac. 78.

The law is indulgent to human infirmity and less tolerant of deliberate and obtrusive depravity. Chamberlain v. Chamberlain, 95 Pac. 659.

Even where fraud is shown on part of grantor, a

court of equity may grant relief. Buttlar v. Buttlar, 67 N. J. Eq. 136; Rivera v. White, 63 S. W. 125.

Where a conveyance is induced by the grantee, and particularly where the inducement is clearly fraudulent, and there is no consideration for such a conveyance, the grantor may have the same set aside. Herrick v. Lynch, 150 Ill. 283; Kervick v. Mitchell, 68 Iowa 273; Stewart v. Inglehart, 38 Am. Dec. 202.

C. C. DAVIDSON for Appellant. No brief.

### STATEMENT OF FACTS.

Appellant, Mary E. Collins, owned two pieces of property in the City of Tucumcari, New Mexico, of the value of $4,500. She was married and resided with her husband at that place. The appellees, L. B. Schump and Julia Schump, also lived in Tucumcari, and Mrs. Julia A. Schump, was and had been for more than a year on very intimate and friendly terms with the appellant; the two ladies visiting each other almost every day. Shortly before the first of March, 1910, appellant's husband left home and was traveling around over the country visiting various places. About the middle of March, during the absence of Mr. Collins, the First National Bank of Tucumcari filed suit against both Mr. and Mrs. Collins, on a promissory note, executed to the bank by the husband, but not signed by the wife. The summons in the suit was served on Mrs. Collins while her husband was absent and his address unknown. Mrs. Schump was at appellant's house at the time the papers were served and took possession of them and told Mrs. Collins, "that the bank was going to start in and tie up her stuff so that they could rob her out of it and she could do nothing with it, and that the only way she could save anything was to get it out of her hands, and out of her name." Mrs. Collins suggested that she would not be willing to place her property in the hands of any one, except her mother, whereupon Mrs. Schump told her, "that it would not do to turn it over directly to her mother, but that she should convey it to some one else first, and let them turn it over to her mother." and told

Mrs. Collins "to turn it over to her, and that she would convey it to her mother." Mrs. Schump also advised Mrs. Collins not to consult an attorney, but that she would be a sister to her and protect her in the suit. Mrs. Collins finally yielded to the argument advanced by Mrs. Schump and a notary public was procured by Mrs. Schump, who prepared the deeds at Mrs. Schump's request, stating the consideration in one of said deeds at three thousand dollars and in the other at fifteen hundred dollars, according to directions given by Mrs. Schump. The conveyances were made without any actual consideration, and with the understanding that the property was to be re-conveyed to appellant's mother on or before the 31st day of March, 1910. On or about that date the appellant requested Mrs. Schump to make the conveyance, which she refused to do, and claimed the property as her own. Suit was filed by the appellant on the 1st day of April, 1910, for the cancellation of the deeds on the ground that said deeds were obtained by fraud and without any consideration. Appellees answered denying the fraud and alleging that full value had been paid for the property in question. The case was heard before a referee in Tucumcari, and upon the conclusion of the testimony on behalf of appellant, appellees interposed a demurrer to the evidence and the referee certified the record and demurrer to the court for a decision; the demurrer was sustained by the court below to the evidence and judgment was rendered for the defendants, from which judgment this appeal was prosecuted.

### OPINION OF THE COURT.

ROBERTS, A. J.—The appellee has filed no brief in this court and we are under the disadvantage of having heard but one side of the case and being compelled to do a great amount of unnecessary work to enable us to arrive at a correct conclusion. As the demurrer to the evidence of the plaintiff was sustained by the lower court, the testimony introduced on behalf of the plaintiff is deemed to be true and every conclusion which it tends to prove must be admitted. We can con-

ceive of but two propositions which might have influenced the lower court in sustaining the demurrer; (1st) that fraud sufficient in law to invalidate the deed had not been proven; and, (2nd) that the deed was executed by the appellant to defraud her creditors.

1. We have carefully reviewed the evidence and are of the opinion that it clearly establishes fraud on the part of Mrs. Schump. The evidence discloses that Mrs. Collins was an uneducated woman; that she had never had any prior business transactions of any kind; that the real estate in question was the only real estate she had ever owned; that she knew nothing whatever about law or the courts; that she was alone and unable to communicate with her husband; that immediately after procuring the execution of the deeds Mr. and Mrs. Schump set about endeavoring to procure witnesses who would testify that they saw the purported consideration named in the deeds paid to Mrs. Collins, even offering to pay witnesses who would testify to these facts; that Mrs. Schump by her persuasion prevented Mrs. Collins from consulting an attorney or advising with any other person in regard to the matter. In view of these facts, to refuse to give Mrs. Collins relief would permit a designing and unscrupulous person to take an unconscionable advantage of her. We think the facts show actual fraud and that a court of equity should give her relief.

2. A recovery will not be denied to the appellant on the ground that she executed the conveyance to defraud creditors, when in fact there were no creditors, and no one was or could have been injured by the transfer.

This principle appears not to have been called to the attention of the lower court. According to the testimony she did not owe the bank which instituted the suit any money. She had never signed the note and had no creditors. No person was harmed by the conveyance or could have been harmed by it. The mere fact that her husband was indebted to the bank would not create any liability on her part. As stated by the Supreme Court of California, in the case of Chamberlain v. Chamberlain, 95 Pac., p. 659: "It follows, we think, upon the clearest principles of equity, that

she could not take refuge behind the pretense that in yielding to her solicitations he committed a wrong against others, thereby depriving him of any redress for her gross misconduct. The law is more indulgent to human infirmity and less tolerant of deliberate and obtrusive depravity. A. cannot lay a trap for B., secure his confidence, induce him to make a conveyance of his property in the expectation that it will be returned, and thereafter retain the fruits of his perfidy on the ground that B. too readily yielded to temptation to save himself at the possible expense of creditors. The greater offense of the tempter overshadows and renders innocuous the weakness of the one of whom advantage is taken." To the same effect, see Sanford v. Reed, 85 S. W. p. 213. The Supreme Court of Texas, in the case of Rivera v. White et al., 63 S. W. 125, says: "Other authorities, with better reason, we think, hold that where there is no creditor there is no fraud, and, therefore, no policy of the law to prevent the enforcement of the trust." Quite a number of authorities are cited in support of the rule in this case. See, also, Salee's Executor et al v. Salee, 35 S. W. 437; Bloomingdale v. Crittenden, (Mich) 42 N. W. 836. We think the court erred in sustaining the demurrer to the evidence. The case will therefore be reversed and remanded, with instructions to overrule the demurrer and to proceed with the hearing of the case.