[No. 19688. Department Two. May 24, 1926.]

## ELEANOR M. ABSLAG, *Respondent,* v. JOHN V. BOCK *et al., Appellants.*[1]

[1] EQUITY (10)—FRAUD—INEQUITABLE TRANSACTIONS AS TO THIRD PERSONS. Equity will not refuse an accounting for the fraudulent misappropriation of property on the ground that plaintiff originally obtained the property wrongfully from another person, in a matter not connected with the plaintiff's cause of action against defendant.

[2] CONTRACTS (53)—LEGALITY OF OBJECT—RELIEF OF PARTIES — IN PARI DELICTO. Plaintiff, seeking rescission of a settlement, is not in *pari delicto* with defendant in that their agreement worked a fraud upon parties to another suit, where it appears that such suits had been settled and the parties thereto were not injured.

[3] TRUSTS (20)—CONSTRUCTIVE TRUSTS—FRAUD IN ACQUISITION OF PROPERTY—PAROL EVIDENCE. A trust *ex maleficio* and positive fraud of defendant in procuring a settlement agreement may be shown by parol evidence.

[4] WITNESSES (52) — COMPETENCY — PRIVILEGED COMMUNICATIONS — ATTORNEY AND CLIENT. Statements made in confidence by a party to her attorney are properly excluded although the attorney also represented another party in a suit connected with the transaction.

[5] ACCOUNTING (15).—JUDGMENT—INCIDENTAL RELIEF. In an accounting, judgment may properly protect a trustee in conveying property to one of the parties by declaring a lien thereon in favor of a cross-appellant entitled thereto.

[6] TRUSTS (30)—MANAGEMENT OF TRUST PROPERTY—GOOD FAITH OF TRUSTEE. A trustee of property, unaware of the claims of a third person thereto, is entitled to reasonable costs incurred in defending the title.

Appeals from judgments of the superior court for King county, Smith, J., entered April 30, 1925, upon findings in favor of plaintiff, in actions for an accounting consolidated for trial and tried to the court. Affirmed.

[1]Reported in 246 Pac. 300.

*Roberts & Skeel, Glen E. Wilson* and *Tucker, Hyland & Elvidge,* for appellants.

*Bausman, Oldham & Eggerman* and *Riddell & Brackett,* for respondent.

MITCHELL, J.—The plaintiff, Eleanor M. Abslag, furnished money to the defendant, John V. Bock, for investment, from 1915 to 1922. Trusting him, she never received any accounting prior to the present suits. In the meantime, a third party had sued him and, in other suits, both him and her in the superior court of King county, to recover money judgments. Upon his persuasion and insistence, she allowed him to have charge of the litigation on their side, with the final result that all of those suits were compromised, settled and paid by him for a comparatively small amount—much less, indeed, than the amount involved in the suit against him alone—whereupon an order of dismissal with prejudice and without costs was entered in each of the cases on December 23, 1921. On the same day, December 23, 1921, he had prepared in Seattle a written instrument purporting to be an agreement between him and her in settlement of all her rights, with reference to real estate and other property, on account of his management of her financial affairs. The instrument was dated, signed and acknowledged by him in Seattle on that date. He then took it to Chicago and, upon the false representation that it was needed and would be used only to effect a settlement of all the suits, represented by him as still pending against them in Seattle, induced her to sign and acknowledge the agreement on December 29, 1921. Claiming to have learned in 1922 of his fraud and deceit generally, she brought, shortly thereafter, three actions in the superior court of King county, all of which are involved in this appeal.

In each of the actions, she alleged with special detail the manner in which, by fraud and deceit, he had first obtained and thereafter continued to have her implicit faith and confidence in him personally and as her agent in the investment of her money; that she had been defrauded by him, and that he had obtained the so-called settlement on December 29, 1921, in Chicago, by fraud. In one of her suits against him, the Seattle Title Trust Company was made a defendant upon the complaint that it claimed some interest in certain real property on behalf of Mr. Bock which had been purchased by him with her money. The other two suits against Mr. Bock were to have certain real property, standing in his name, declared to be her property, alleging that it had been purchased with her money, and in other respects to recover several amounts in conversion and to have an accounting. In each of the actions, she alleged the execution by her of the agreement on December 29, 1921, the fraud inducing her to sign it, and demanding that it be set aside. In each of the actions, John V. Bock denied all allegations of fraud and set up several affirmative defenses. In the action wherein the Seattle Title Trust Company is a defendant, it answered separately, alleging that it held the legal title to the real property described in the complaint and exercised control and management over the same as trustee for John V. Bock. Upon issues joined in the actions, all of the parties stipulated in writing that the three actions should be consolidated for trial, as well, also, for any appeal that might be taken. The stipulation has been observed in both respects.

Upon the trial, the court found generally in favor of the plaintiff. The agreement dated December 23, 1921, signed six days later by the plaintiff in Chicago, was canceled. It was ordered that the real property held by the Seattle Title Trust Company in trust for John

V. Bock be conveyed to the plaintiff. Certain rent money collected by the Seattle Title Trust Company was directed to be paid over to the plaintiff, and in the decree it is stated that that amount has been paid into the registry of the court for the benefit of the plaintiff. There was still other relief and judgment in favor of the plaintiff against John V. Bock. He has appealed from the judgment.

The principal argument on his appeal is that the findings against him of fraud and deceit were not sustained by the evidence. We are satisfied, however, as was the trial judge, that his fraud and deceit were clearly and convincingly established, not only generally, but also specially, as to the agreement signed and acknowledged by her in Chicago on December 29, 1921. We are further satisfied that the findings of the court in the accounting at the trial are sustained by a preponderance of the evidence.

[1] Further, the defense is asserted, and argument made, that the respondent should not be allowed to recover, nor have the agreement signed by her in Chicago set aside, because she does not come into court with clean hands and that she is *in pari delicto*—an appeal to an established and well-understood maxim in equity. The first ground for the argument is that the money entrusted to the appellant by the respondent was originally procured by her from a third person, under circumstances that would justify such third person or his representative in recovering it back from her, and that therefore a court of equity will not listen to her in attempting to recover it from one who, even by fraud, has deprived her of it. Where two persons by concert of action wrongfully deprive another of his money, or other property, which, as to the two wrongdoers, falls into the possession of one of them, the possessor is preferred in a suit at the hands of the other wrongdoer.

This is in accord with the doctrine of clean hands.
But the inequity which deprives one of a right to re-
lief in a court of equity is not general or former in-
iquitous conduct unconnected with the cause of action,
but evil practice or wrongdoing in the particular acts
or transactions as to which judicial protection or re-
dress is sought. *Liverpool & London & Globe Ins. Co.
v. Clunie,* 88 Fed. 160; *Woodward v. Woodward,* 41 N.
J. Eq. 224, 4 Atl. 424; *Trice v. Comstock,* 121 Fed. 620,
57 C. C. A. 646, 61 L. R. A. 176; *West v. Washburn,* 153
App. Div. 460, 138 N. Y. Supp. 230.

[2]   The second ground for the argument is that the
agreement dividing the property should not be set
aside at the suit of the respondent, because it was
signed by her with the intention of assisting the ap-
pellant in defrauding the party who had brought suits
against them in King county.   The argument is plau-
sible upon its face and would be good had it been the
fact that at the time she signed it those suits, or either
of them, remained unsettled.   But such was not the
fact.   Those suits had been compromised, settled and
paid six days before she signed the agreement, being
moved thereto by his fraud and deceit, designed, of
course, to promote, as he thought, his own personal
fortune.   He will not be permitted to profit by an in-
strument or purported settlement extorted by exciting
undue beliefs, where there was such a relation of con-
fidence as gave him a special power over her.   Even
he did not wrong the party who had sued them in King
county, in taking the agreement from her, nor did he
so intend, because he had already paid that party in
full settlement of all the suits.   Certainly she did not
wrong the plaintiff in those suits.   She could not have
done so on December 29, 1921, because those cases were
already settled.   It was only a case of fraud, practiced
upon her by him who dominated her will and judgment

on account of her implicit confidence in him. The rule invoked by appellant has no application where, notwithstanding fraudulent intent, there was in fact no creditor who could have been injured. 9 C. J., page 1222 and cases cited; *Barnes v. Brown,* 32 Mich. 145; *Collins v. Schump,* 16 N. M. 537, 120 Pac. 331; *Rivera v. White,* 94 Tex. 538, 63 S. W. 125; *Bloomingdale v. Chittenden,* 75 Mich. 305, 42 N. W. 836; *Kervick v. Mitchell,* 68 Iowa 273, 24 N. W. 151, 26 N. W. 434. The idea involved was tersely and clearly expressed in the case of *Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270, as follows: "If, however, one party is but an instrument in the hands of another, then they cannot be said to be *in pari delicto.*" In that case, a number of authorities are cited in support of the rule.

[3] Further, it is contended by the appellant that the respondent's action is barred by our statute of frauds. Our cases and authorities generally are to the contrary. In this case, the settlement agreement and the deeds executed and delivered thereunder by the respondent were procured by the positive fraud of the appellant. It is a case of a trust *ex maleficio* that may be proven by parol evidence, cognizable in a suit in equity (*Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270; *Bluett v. Wilce,* 43 Wash. 492, 86 Pac. 853; *Johnson v. Johnson,* 122 Wash. 117, 210 Pac. 382), and unlike the cases of *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482; *Dolan v. Weir,* 134 Wash. 560, 236 Pac. 285, and other cases cited and relied on by the appellant, that were cases of express trust.

[4] In the suits in King county, already referred to, against the appellant and the respondent, the one against him alone was commenced first. He immediately employed an attorney. When the other suits were commenced, or process in them served, the same attorney was further engaged. In the trial of the pres-

ent actions, that attorney was questioned on the witness stand, and an offer of proof was made concerning certain statements claimed to have been made to him by the respondent, who had been sent to the attorney's office by the appellant. Objection to the question and to the offer of proof on the ground that they involved a privileged communication was sustained. Indeed, the attorney refused to answer the question for that reason. The ruling of the court in this respect constitutes an assignment of error. In the first place, had the question and offer been allowed and testimony accordingly received, it manifestly would not have changed the result in this case; that is, in view of the whole of this record we cannot see how it could possibly have changed the result. But the ruling was right, in consideration of the peculiar facts here; that is, the particular language of the question and offer of proof, together with the relations existing at that time between the appellant and the respondent and the character of the suits the defense of which was entrusted to the counsel witness. The appellant sent the respondent to the attorney for the consultations and was not present when they were had. There is abundant evidence that, long prior to the time in question and continuing down until and including that time, the appellant, conscious of the power and influence he had over the respondent and of her readiness to comply with his directions and misdirections, was laying and prosecuting plans to embarrass her and get her money. One of those suits contained charges of a very personal nature against the respondent only. It is perfectly apparent that, if the statements attributed to her were made to the counsel witness, they were made in the most exclusive confidence, and in our opinion there was no error in the ruling complained of, rejecting the proof offered.

The record fails to disclose any abuse of discretion on the part of the trial court in denying appellant's motion for a new trial.

The appeal on the part of the Seattle Title Trust Company, we understand, is *pro forma* and requires no consideration distinctive from what has been said in discussing the appeal of John V. Bock.

Eleanor M. Abslag has appealed from two portions of the judgment:

[5] (1) Giving to one Amelia George a lien in the sum of two thousand dollars and interest on the property ordered conveyed by the Seattle Title Trust Company to Eleanor M. Abslag, the same being the property it held in trust for John V. Bock, and providing that in the conveyance such reservation be made in favor of Amelia George. The history of the transactions with reference to the rights of Amelia George is long and involved and we think need not be set out herein. She furnished that amount of money in investments made by Bock, and Eleanor M. Abslag obligated herself to pay it. In the present case, the cross-appellant was having a general accounting with John V. Bock and his trustee, which trustee had in good faith, while acting for John V. Bock, become involved in the deal with Amelia George, and we think should be protected against the claim of Amelia George in conveying property to the cross-appellant as directed by the judgment. The provision in the judgment complained of does not require or order payment, and it will in no way interfere with the rights of this cross-appellant in an independent suit now pending by Amelia George against the cross-appellant concerning this same indebtedness. If in such action she recover judgment, she of course can collect it but once.

[6] (2) It is claimed that the court erred in refusing to give judgment for the cross-appellant against

the Seattle Title Trust Company on account of certain moneys derived by it from the property it held in trust that were paid out by it in expenses of litigation respecting the property. The Seattle Title Trust Company was not trustee for Eleanor M. Abslag, but for John V. Bock. The trial court has very properly found from the evidence that the Seattle Title Trust Company acted in good faith and was wholly unaware that the cross-appellant was in any manner whatever interested in the property it held in trust. The amount expended by it that is complained of, reasonable in amount for the purpose for which it was used, was expended by it legitimately in defending the title it held in trust, against which expenditure there was no restraining order or process of any kind, nor receiver during the pendency of the litigation to supplant the trustee in the collection and proper use of funds received from the property.

With reference to all of the appeals, the judgment is in all respects affirmed.

TOLMAN, C. J., PARKER, HOLCOMB, and MAIN, JJ., concur.