**J. R. WATKINS CO. v. McMULLAN et al.**
(No. 7220.)

Court of Civil Appeals of Texas. Austin.
May 2, 1928.

**1. Monopolies ⊕12(4)—Contracts confining party to prescribed area in doing business violate state anti-trust laws (Rev. St. 1925, art. 7426; Pen. Code 1925, art. 1632).**

Contracts confining a party to a prescribed area in doing business are violative of Texas anti-trust laws (Rev. St. 1925, art. 7426; Pen. Code 1925, art. 1632).

**2. Contracts ⊕2—Validity of contract is determined by laws of state of performance, not of execution, unless contrary intent appears.**

Unless contrary intention of parties appears, validity of contract is determined by laws of state where it is to be performed, not by those of state in which it was made.

**3. Evidence ⊕80(1)—Oklahoma anti-trust laws are presumed same as those of Texas, in absence of contrary showing.**

In the absence of a showing to the contrary, the anti-trust laws of Oklahoma are presumed to be same as those of Texas.

**4. Monopolies ⊕21—Petition in action for price of goods sold under contract violating Texas anti-trust laws held subject to general demurrer, in absence of allegations that contract was valid in state of performance.**

Petition in action for price of goods sold under contract to be performed in Oklahoma *held* subject to general demurrer, in absence of allegations that contract, which was contrary to Texas anti-trust laws as confining defendant to prescribed area in doing business, was valid and enforceable in Oklahoma.

**5. Courts ⊕511—Right to enforce contract contrary to Texas laws in Texas courts can be asserted only by comity between states.**

It is only by comity between the states that a party to contract, valid and enforceable under the laws of another state, but contrary to Texas laws, could assert any right to enforce it in Texas courts.

**6. Courts ⊕8—Ordinarily, lex fori will not permit enforcement of contract contrary to good morals, or Constitution, statutes, or public policy of state, regardless of validity in other states.**

Ordinarily, the lex fori will not permit enforcement of a contract contrary to good morals, injurious to the state of the forum or its citizens, contrary to its Constitution or statutes, or violating public policy thereof, regardless of contract's validity in state where it was made or to be performed.

**7. Courts ⊕511—Contract against public policy and state anti-trust laws will not be enforced in state courts as matter of comity, though valid in state wherein made or performable (Rev. St. 1925, art. 7426; Pen. Code 1925, art. 1632).**

Contract confining a resident, sued for price of goods sold, to prescribed area in doing business, being contrary to public policy and state anti-trust laws (Rev. St. 1925, art. 7426; Pen. Code 1925, art. 1632), will not be enforced in Texas courts as matter of comity, though valid and enforceable either in state where it was made or that in which performable.

Appeal from District Court, Coke County; J. F. Sutton, Judge.

Action by the J. R. Watkins Company against Fred McMullan and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

Hill, Neill & Hill and Rob't P. Brown, all of San Angelo, for appellant.

D. I. Durham, of San Angelo, for appellee.

BAUGH, J. Appellant sued Fred McMullan as principal, and the other appellees as sureties, to recover certain sums due for goods sold to McMullan under a written contract. Appellees demurred to appellant's petition, on the ground that same showed upon its face that the contract sued upon was in violation of the anti-trust laws of Texas and void. The trial court sustained the demurrer and dismissed the suit; hence this appeal.

[1] The appellant is a foreign corporation,

domiciled in Minnesota. The appellees are citizens of Texas. The contract recited that it was entered into in the state of Minnesota, but shows that it was performable in Comanche county, Okl. If said contract had been performable in Texas, it would have been in violation of Texas laws and unenforceable. Contracts containing the same limitations, that is, confining appellee to a prescribed area in doing business, have been repeatedly held by our courts to be violative of the anti-trust laws. See Caddell v. J. R. Watkins Medical Co. (Tex. Civ. App.) 227 S. W. 226; J. R. Watkins Co. v. Myers (Tex. Civ. App.) 255 S. W. 1002; W. T. Rawleigh Co. v. Land (Tex. Civ. App.) 261 S. W. 186; Id., 115 Tex. 319, 279 S. W. 810; W. T. Rawleigh Co. v. Bradberry (Tex. Civ. App.) 290 S. W. 870; Cook Co. v. Page (Tex. Civ. App.) 294 S. W. 934. Such contracts are inhibited by statute. R. S. 1925, art. 7426; Penal Code, art. 1632.

[2-4] But appellant's contention is fully set out in its proposition, as follows:

"A petition seeking recovery on a contract alleged to have been made in a state other than Texas, valid under the laws of the state where made, and to be performed outside of Texas, shows a good cause of action, enforceable in Texas, and not subject to demurrer on the theory that such contract is in violation of the anti-trust laws of Texas."

It is immaterial, we think, that the contract sued upon was valid in Minnesota. It was performable in Oklahoma, and the general rule is that, unless a contrary intention of the parties appears, the validity of a contract is determined by the laws of the state where it is to be performed, and not by those of the state in which it was entered into. Fidelity Mut. Life Association v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; Hall v. Cordell, 142 U. S. 116, 12 S. Ct. 154, 35 L. Ed. 956; 12 C. J. 450; 5 R. C. L. § 26, p. 936. Thus the validity of the contract in question is to be tested by the laws of Oklahoma and not those of Minnesota. We find no allegation that said contract was valid and enforceable in the state of Oklahoma. And in the absence of a showing to the contrary the anti-trust laws of Oklahoma are presumed to be the same as those of Texas. Rivera v. White, 94 Tex. 538, 63 S. W. 125; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914; Abeel v. Weil, 115 Tex. 490, 283 S. W. 775. There being no such allegations in plaintiff's petition, it was, we think, subject to general demurrer, and the trial court did not err in sustaining such demurrer and dismissing appellant's suit.

[5, 6] Though we rest our opinion in affirming the judgment of the trial court upon the grounds above stated we make also the following observations: Assuming that said contract was valid and enforceable under the laws of Oklahoma, and that appellants had so alleged, it is only by comity between the states that appellant could assert any right to have said contract enforced through the Texas courts. There is a further well-established rule of law, stated by Judge Williams in Life Ass'n v. Harris, supra:

"As before noted, a court of one state will not apply to contracts brought before it the laws of another state, when such application is forbidden by the law to which the court owes obedience."

And as stated in 5 Ruling Case Law, § 31, p. 946:

"Ordinarily, the lex fori will not permit the enforcement of a contract regardless of its validity where made or when to be performed, either where the contract in question is contrary to good morals, or where the state of the forum, or its citizens would be injured through the enforcement by its courts of contracts of the kind in question; or where the contract violates the positive legislation of the state of the forum—that is, is contrary to its constitution or statutes; or where the contract violates the public policy of the state of the forum."

See also numerous authorities there cited.

[7] In the instant case appellant is seeking to enforce against citizens of Texas a contract which, had it either been made in Texas or been performable in Texas, would have been in clear violation of its anti-trust laws. We are inclined to the view, therefore, that as a matter of public policy the courts of Texas should not be called upon as a matter of comity to enforce against its citizens contracts which in their nature are not only against its public policy, but in violation of its statutes, even though they be valid and enforceable either where made or where performable in another state. Ayub v. Automobile Mortgage Co. (Tex. Civ. App.) 252 S. W. 287; Taylor v. Leonard (Tex. Civ. App.) 275 S. W. 134; Union Trust Co. v. Grosman, 245 U. S. 412, 38 S. Ct. 147, 62 L. Ed. 368.

We do not think the cases cited by the appellant wherein interstate shipments of cattle were involved are applicable to the issues in this case, and have not discussed them.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.