221 P.2d 1061

**CULBERTSON v. WILLBURN (FIRST NAT. BANK OF ARTESIA, Intervener).**

No. 5249.

Supreme Court of New Mexico.

Aug. 28, 1950.

George A. Shipley, Alamogordo, for appellant.

·Caswell S. Neal, Carlsbad, for appellee.

Neil B. Watson, Artesia, for intervener.

SADLER, Justice.

We are asked to review a decree adjudging rescission of a contract between the parties to it upon the ground of fraud in the making of certain material representations by one of them which the trial court found induced the other to enter into the contract. The facts being simple we shall proceed to state them, in substance, as found by the court at the conclusion of the trial.

Under date of April 21, 1948, W. F. Culbertson, the plaintiff below who is appellee here, entered into a written contract with

Lloyd L. Willburn, the defendant-appellant, for the purchase from the latter of all timbers not exceeding two million feet board measure in the bridge structures on the abandoned Cloudcroft branch of the Southern Pacific Railway between sidings or stations known as Russia and Pinto, in Otero County, New Mexico. The contract price was to be twenty ($20.00) dollars per one thousand (1,000) feet, board measure, the purchaser to remove all metal fasteners for delivery to seller.

The written contract was signed following negotiations by the parties during which the appellant represented to appellee that the timber which was the subject matter of the sale was of a grade known as No. 1 timber; that approximately 16,000 feet of it already had been sawed by appellant into dimension lumber, producing the finest No. 1 timber he had ever seen which could easily be sawed into No. 1 lumber; that approximately the only loss in connection with processing it would be sawdust loss. The appellant knew that appellee was purchasing the timber for sawing into ties and dimension lumber and re-sawing some of it for subsequent sale.

The appellee made no inspection of the timber before signing the contract but relied wholly upon the truth of the representations made to him by appellant respecting the type and character of timber being sold. It was in reliance upon the truth of these representations that he signed the contract. The representations so made were false and the appellant made them for the purpose of inducing appellee to enter into the contract. The falsity of the representations lay in the fact that the timber did not saw into dimension material of No. 1 grade, "that much of it was rotten, full of season cracks, and split," and a great percentage of it was subject to loss upon being sawed into lumber.

It developed prior to the signing of the contract that the appellee owned a certain caterpillar tractor complete with blade which the appellant desired to purchase. Accordingly, the terms for the sale of the tractor were set out in the same written contract. It was sold to the appellant at the agreed purchase price of $3,500.00. This sum was to be paid by the appellee withholding one-half of the purchase price of timber delivered to him by appellant from time to time until the tractor was fully paid for. It was delivered soon after the contract was signed and had the reasonable value which appellant agreed to pay for it.

Subsequent to the making of this contract the appellee began to remove timber from existing bridge structures on the abandoned railroad line already mentioned and transported it in trucks to Artesia, New Mexico, where appellee had a sawmill. The contract called upon him to receive the tim-

ber in this fashion. He had received delivery of about six truckloads of the timber, approximating 48,196 board feet, when he declined further performance under the contract. He paid to the plaintiff the sum of $200.00 which was the full contract price for all timber received and capable of being used for the purposes intended. This suit for rescission followed soon thereafter.

The trial court concluded from the facts found that judgment should be entered in favor of the appellee as plaintiff and against the defendant, the appellant here, for a rescission of the contract and for the return of the caterpillar and blade, or in lieu of such return, that judgment should be entered in appellee's favor for the value of the caterpillar and blade as found by the trial court. The court further found that the cross-complaint interposed by defendant below seeking damages for claimed breach of the contract should be dismissed as unsupported by the evidence and for want of equity.

The trial court entered its decree in conformity with the conclusions drawn from the facts found. It is for the revision and correction of such decree that the appellant prosecutes this appeal.

The appellant, although assigning numerous errors which go largely to the sufficiency of the evidence to sustain the findings made, or those requested and refused, argues all of them under two points. One of them, the first to be considered, challenges sufficiency of the evidence to sustain the findings made by the court in certain particulars on the appellee's suit for rescission. The other is a claim of error for failure to find facts which would support the appellant's cross-complaint for damages for breach of the contract which the court held the appellee was entitled to rescind. A decision of the first point, if appellee sustains his right to rescission, should furnish a complete answer to the claim of appellant for damages for alleged breach of the same contract as to which rescission was ordered.

The principal claim urged is that the representations which induced the appellee to enter into the written contract, if actually made as found by the trial court, were either known by the appellee to be false, or he had good reason to know they were false and, hence, cannot rely upon them as a basis for rescission. A consideration of this claim, of course, involves a review of the evidence to the point of ascertaining whether it affords substantial support for the findings which contradict this appraisal of the facts by the appellant.

It cannot be doubted that the evidence is substantial in support of the trial court's finding that the representations alleged were made and that they were false, if the trial judge believed the plaintiff and his witnesses. Main reliance for the contention by his counsel that the appellee was not jus-

tified in relying on the representations arises from certain facts in evidence, as that plaintiff himself was a lumberman of long experience in the business; that he knew the bridges on the abandoned railway line had been in existence for thirty years or more, in fact, had himself furnished some of the timbers that went into them and must have known that usage, the passage of time and exposure to the elements would greatly deteriorate timbers subjected to these factors.

As against these considerations, however, we have appellee's own testimony that it had been three to four years since he had been over the line and observed any of the bridges; that even though familiar with the length of time the bridges had stood, it was his understanding that replacements of decaying or damaged timbers took place from time to time and, finally, the positive statement of appellant to appellee, according to the latter's testimony and that of his wife, that he had himself sawed 15,000 board feet of the lumber since abandonment of the railway line to use in building him a house and found it made the finest lumber he had ever seen, better, in fact, than he could get in the mountains. The appellee did not visit and inspect the bridges during negotiations preceding the contract because his physician forbade him ascending to the altitude where the bridges were located, due to a physical ailment.

A reading of the entire record satisfies us that findings in conformity with the argument presented by counsel for appellants would be well supported in the evidence. But we cannot say that findings otherwise made by the court do not also have substantial support. It was the province of the fact finder, in this case the trial judge, to say where the truth lay. Having found the facts as he did, the appellee's right to rescission was established and there was no error in awarding the relief prayed for. Collins v. Schump, 16 N.M. 537, 120 P. 331; Stewart v. Potter, 44 N.M. 460, 104 P.2d 736.

We see no error in the trial court's failure to award relief to appellant under his cross-complaint seeking damages for alleged breach by appellee of a contract which it was held the latter was entitled to rescind for fraud in its procurement. The trial court found the two hundred ($200.00) dollars paid appellant by appellee was payment in full at the contract price for the timber delivered of the quality contracted for. It appears, too, from an unchallenged statement in his counsel's reply brief that appellant has exercised the option open to him under the decree of returning to appellee the caterpillar tractor and blade theretofore purchased from him, and thereby has avoided entry of judgment against him for their value.

Finding no error the decree reviewed will be affirmed.

It is so ordered.

LUJAN and COMPTON, JJ., concur.

BRICE, C. J., specially concurring.

McGHEE, J., dissenting.

BRICE, Chief Justice (specially concurring).

I reluctantly concur in the opinion of Mr. Justice SADLER; but solely upon the legal proposition that we have consistently adhered to, to-wit: If the judgment of the trial court is supported by substantial evidence it will not be disturbed here. I find that it is so supported, although in my opinion which avails nothing here, the great weight of evidence is opposed to the judgment.

There being substantial evidence to support the judgment, and the question of waiver or ratification not having been raised by the pleadings, or in the trial court or here, the matter must rest upon the substantial evidence rule.

McGHEE, Justice (dissenting).

This is an unusual case. The books are full of cases where inexperienced persons in their first venture in a line of business about which they know nothing said they had been overreached by persons skilled in the particular line, and courts have granted cancellation of contracts. In this case we have just the opposite, so far as skill and experience are concerned. The plaintiff in this case had been in the logging and sawmill business in the country where the original bridge timbers were cut and put in the bridges for 40 years, and had supplied the railroad company with many of the identical timbers 25 years ago. He had also traveled the road near these bridges a great many times, although he had not been there for three or four years before entering into the contract involved in this case. On the other hand, this was the first venture of the defendant in the timber business.

In the contract, the plaintiff agreed to remove the bolts and other irons from the bridge timbers received by him and keep them for the defendant so they could be sold as scrap iron. This fact alone would prevent lumber sawed from the timbers being classed as grade 1. In addition, the plaintiff was bound to know that the timbers would have sun and wind cracks as well as rot damage. Also, some thirty days after he received the last load of timbers and at a time when he knew all about them he wrote the defendant a letter stating that he would resume the hauling of the additional timbers as soon as he received another order for ties.

I believe that the plaintiff was well informed concerning the subject matter of the

contract, and that he is not entitled to admission into the order of "White Heart and Empty Head." So believing, I decline to join the majority in his admission into the order.

I dissent.