**LOEB et al. v. WILHITE et al.**

No. 14102.

Court of Civil Appeals of Texas. Dallas.

Oct. 7, 1949.

Rehearing Denied Nov. 4, 1949.

Otis Bowyer, Jr., Dallas, for appellants.

Eades & Eades and Eric Eades, Jr., Dallas, for appellees.

BOND, Chief Justice.

This is a suit in trespass to try title brought by plaintiffs (appellees) Marilyn Wilhite and her husband John C. Wilhite, Jr., against defendants (appellants) Sylvia Loeb and her husband Alvin Loeb, to recover a one-half undivided interest in and to a certain designated lot and premises in the City of Dallas; and for reasonable annual rental value of the premises. The defendants answered by plea of "not guilty."

The cause was tried to a jury and, over the objections and exceptions timely urged by defendants, the court submitted special issues which the jury answered as follows: 1. That the money paid on the purchase price of the real estate in question prior to the death of John O. Newcom (husband of the appellant Sylvia Loeb) was the community funds of John O. Newcom and his then wife Sylvia Newcom; and (2) that at the time of the execution of the deed John O. Newcom did not intend to make a gift to his wife Sylvia Newcom of any community interest he may have had in the real estate. Accordingly, as against defendants' motion non obstante veredicto, the court entered judgment in favor of the plaintiffs for title and possession of an undivided one-half interest in and to the described land and for the sum of $455 net rentals for said premises.

The land in controversy on January 21, 1944 was conveyed by general warranty deed, under circumstances hereinafter related, by Leila M. McMurray to Sylvia Newcom (now Sylvia Loeb) "as her separate property." The grantee was then the wife of John O. Newcom. The consideration recited in the deed is $3,500 paid and secured to be paid by Sylvia Newcom "out of her separate funds"—$1,000 cash in hand paid and "the assumption and agreement to pay an unpaid balance of $2,035.54 remaining unpaid on that certain note originally in the sum of $3,250, dated October 26, 1943, executed by Leila M. McMurray, a feme sole, and payable to the order of the Dallas Federal Savings & Loan Association * * *; and the execution and delivery of a second vendor's lien note in the principal sum of $464.46, executed by Sylvia Newcom, joined by her husband John O. Newcom, and payable to the order of Leila M. McMurray * * *." The deed contains the usual habendum clause with words of conveyance to "Sylvia Newcom, as her separate property, her heirs and assigns forever"; accordingly warrants the title in Sylvia Newcom, her heirs and assigns.

In August 1946, John O. Newcom died intestate, leaving surviving his said wife, Sylvia Newcom, and his only child, Marilyn Newcom (since married to John C. Wilhite, Jr.), a daughter by a former marriage, as his sole heirs.

Plaintiffs' (appellees) contention is that the property so conveyed by the deed be-

came community of the grantee and her husband John O. Newcom, irrespective of the deed recitals, and, as such, a resulting trust exists in plaintiffs' favor in and to one-half undivided interest therein and a like proportion in the annual rentals therefrom. In support of plaintiffs' contention plaintiffs offered evidence to the effect that John O. Newcom, husband of Sylvia Newcom, authorized and sanctioned the execution of the deed by Leila M. McMurray to place title to the property in his wife, purportedly to become her property; that the cash consideration paid was community and not his wife's separate funds; that the separate property recitals in the deed were motivated by Mr. Newcom, deceased, in fraud of his creditors; and that the payment on the deferred contractual consideration as recited in the deed, was derived from the joint savings of Newcom and his wife Sylvia from their labors during coverture, thus community, given to his wife only to be deposited in a Dallas National Bank in her name in fraud of his creditors. Defendants' (appellants') contention is that the language of the deed, in legal effect, shows the intention of the parties and shows the character of the right created; and, being contractual in nature, estops all parties from denying its legal import; further, the transaction having been conceived in fraud to defraud creditors, the courts will accord no relief to the parties,—leaving it as they made it.

It will be seen that this suit hinges on the effectiveness of the deed to confer absolute title in the grantee, to the exclusion of the community estate of John O. Newcom, deceased. The contention presented here is on three points of error germane to appellants' proper assignments of error: (1) The deceased John O. Newcom having caused to be made a conveyance by a third party to his wife as her separate property, with the consideration being contractual, payable and to be paid out of her separate funds, oral evidence was inadmissible to alter such consideration or the estate thereby created, absent pleadings of fraud, accident, or mistake. (2) Where deceased John O. Newcom caused a conveyance to be made by a third party to his wife, Sylvia Newcom, as her separate property, and the consideration being contractual and payable out of her separate funds, evidence consisting of ambiguous declarations, opinions, and conclusions of such deceased, without proof of fraud, accident, or mistake, was insufficient to overcome the presumption that it was the wife's separate property. (3) The undisputed evidence showing that the property in question was caused to be conveyed by deceased John O. Newcom to his wife in order to defraud his creditors, the heirs of deceased should not be allowed to disturb such conveyance or alter the estate thereby created.

The evidence introduced over the objection of defendant is uncontroverted that the deed to Sylvia Newcom was caused to be executed and delivered to her in pursuance of a prior agreement between her and her husband purporting to convey the real estate to the wife as her separate property because of fear that his creditors would subject the property to the payment of his debts. In conversation with the husband's father and two of his sisters, as related by the sisters, Mr. Newcom stated that he was going to put the deed in his wife's name to protect himself and his property from his creditors; that he was heavily in debt, with suits pending against him; and that, to preserve the property, he was going to put the title in his wife's name; that he then caused the grantor to execute the deed to his wife in furtherance of such secretive arrangement to defraud his creditors.

■ The deed, as executed, on its face shows purportedly that Mr. Newcom intended to convey the property to his wife for her separate use, and the consideration expressed in the deed is, for the most part, contractual; hence in the absence of pleadings and proof that the recitals in the deed were inserted by fraud or mistake, extrinsic evidence was not admissible to vary the recitals therein which manifestly are contractual in nature. Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825, reversing, Tex. Civ.App., 56 S.W. 946; East Line & Red River R. Co. v. Garrett, 52 Tex. 133; Kidd

v. Young, 144 Tex. 322, 190 S.W.2d 65; Graves v. Graves, Tex.Civ.App., 26 S.W. 2d 694; 14 Tex.Jur. 815, sec. 54.

Generally the parol evidence rule, as above announced, does not apply to a person who is not a party to the written instrument, but where, as here, the evidence is conclusive that the third party to the deed was in privity with the parties to the deed, the transaction wholly of his design, the deed executed as he intended it to be, and the consideration contractual, he must be held to have bound himself to all the terms and legal effect of the deed. Hence, parol evidence contrary to the recitations in the deed was not admissible by him, or any party to such transaction to destroy the instrument or to vary it; and if such evidence was offered tending to vary the recitals, same would have no appreciable effect on the transaction or the recitals in the deed. Rivera v. White et al., 94 Tex. 538, 63 S.W. 125; Markum v. Markum, Tex.Civ.App., 210 S.W. 835; Pointer v. Pointer, Tex.Civ.App., 197 S.W.2d 504.

In the Markum case above cited the Court of Appeals held (Syl. 5): "Where a husband, with knowledge of the terms of a conveyance, caused it to be executed to his wife, making the lot conveyed her separate property, and it was delivered to her with his consent and his knowledge that title to lot was in her, and where there was no understanding between them as to any trust, he was estopped to ingraft an unimplied trust on the deed or title." A cash consideration for a deed, plus assumption of an outstanding indebtedness, constitutes contractual consideration which cannot be contradicted or varied by parol evidence in absence of allegations and proof of fraud, accident, or mistake. Such rule has been announced and applied many times in this State. A late pronouncement is that made by our Supreme Court in Kidd v. Young, supra. In that case the consideration recited in the deed was $10 and the assumption by the grantees and their agreement to pay the balance due on an outstanding lien indebtedness. The Supreme Court held such consideration constituted a contractual consideration which could not be contradicted or varied by parol evidence. Such

is the consideration in the instant case. The deed recites $1,000 cash and the assumption by the grantee Sylvia Newcom and her agreement to pay an outstanding lien indebtedness. We think parol evidence was not admissible to vary or contradict such recitals in the deed by the parties to the transaction.

Aside from the rule, supra, the evidence offered by the plaintiffs is insufficient to establish a resulting trust in community or in favor of the plaintiffs. The two sisters of Mr. Newcom testified over defendants' objection: "Q. * * * Now, what else was said at that particular time, if anything, by Mr. and Mrs. Newcom, or your father, or yourself, about it? A. Well, the question was asked 'Well, what about Marilyn?' (meaning Marilyn Wilhite, appellee). * * * Q. And what, if anything, was said in reply to that question? A. My brother said 'What in the world is the matter with you? You know Bitsey will do right to Kiddo.' He always called Marilyn Kiddo." (Bitsey was his wife.) And, again, in another conversation after the deed was executed, Mr. Newcom was reported to have said: "Well, this is community property and Bitsey knows it is community property."

Such declarations constitute the entire testimony offered by the plaintiffs for the purpose of overcoming the recitals in the deed granting to the wife the property for her sole and separate use, which—if such extraneous evidence was admissible— is not sufficient to alter or change the legal effect of the deed. It amounted to only a conclusion of law. However, under the view we take of this case it is not necessary to further discuss the evidence. The deed was executed at the instance of the husband to his wife in fear of his creditors, and the cash consideration paid by the wife was given to her in fraud of his creditors; hence the separate estate recitals in the deed must be given their legal import. "The statute of frauds, for the protection of creditors, makes void all conveyances of property made by their debtors with intent to defraud them, and, in order to carry out its policy, and deter debtors from such attempts to put their property

beyond the reach of creditors, and at the same time secure to themselves the enjoyment of it by secret arrangements with those to whom it is apparently conveyed, the statute makes such conveyances valid and binding between the parties; and courts, in furtherance of this policy, refuse to give any relief against such conveyances and to enforce any agreements or trusts growing out of them. But the statute applies only to conveyances made by debtors, and it is therefore only to these that such consequences should attach." Rivera v. White, supra [63 S.W. 126]. So, in the instant case there were creditors to be defrauded by the conveyance in question; hence the law has application.

Plaintiffs counter with the contention that the statute of frauds has no application to the conveyance here involved for for the reason that the real estate was the homestead of Mr. and Mrs. Newcom, hence the conveyance here and the fear by which it was prompted are of no importance, as the property was exempt to them from all claims of creditors, and no creditor was actually defrauded. We agree that such is the rule. The homestead being exempt from forced sale as to it, creditors would not be defrauded and the motive of the parties, without more, would not bring into force the statute of frauds. However, the record of the evidence in this case does not show that the property was their homestead. "It takes more than a mere intention to constitute a homestead; that is only a part. As we understand, actual occupancy of the land is not, under all circumstances, indispensable; but there must be something more than mere intention, where there has been no actual occupancy of the land as a homestead, to vest it with that quality. There must be an existing bona fide intention to dedicate the property as a homestead, and this must be evidenced by some unmistakable acts showing an intention to carry out the design." Markum v. Markum, supra. So, in the instant case at the time of the conveyance in question and for more than two years thereafter Mr. and Mrs. Newcom occupied other property as their home and rented the property in question. There is

no evidence of acts or intention to dedicate this property as their homestead. Even had it been their intention to so dedicate the property at some future time, at the time the wife took the deed thereto in her own separate right, no act or intention is shown to have been made or expressed to impress the property as a homestead, thus bringing it out of the reach of creditors.

As we view this case, the judgment of the court below should be reversed; and we can conceive of no useful purpose to remand this cause; the cause, having been fully developed, presents only questions of law, and judgment is therefore rendered in favor of the appellants. It is so ordered.

### On Rehearing

Rehearing denied.

CRAMER, Justice (concurring).

Where property is deeded to the wife as her separate property and it is expressly intended by the husband to so place the property beyond the reach of his creditors, in absence of evidence to the contrary such deed. must be held conclusively to effect a gift or conveyance in fee to the wife. In the absence of such an absolute fee in the wife, such conveyance would not accomplish the avowed purpose and intention of the parties.

"The deed is conclusively presumed, in the absence of accident, mistake or fraud, to use language which, when unambiguous, truly evidences the intention of the grantor". Lott v. Kaiser, 61 Tex. 665–668.

The uncontroverted testimony in the case at bar, offered by the plaintiff as to a direct affirmative right in the property, is that the property was deeded to the wife in order to place it beyond the reach of the husband's creditors. Manifestly, the only way such conveyance could accomplish such purpose was to relieve it of all community interest and make it, in truth and in fact, the wife's separate property,— either by gift or purchase. Whatever might have been the motive prompting the conveyance, it became the wife's separate property.

348

In the light of appellees' motion for rehearing, we have carefully reviewed the record and adhere to our former conclusions.

The motion for rehearing is therefore overruled.