DORA JACKSON V. MINNIE HERNANDEZ ET VIR.

No. A-5121. Decided December 14, 1955.
Rehearing overruled January 18, 1956.
(285 S.W. 2d Series 184)

*James DeAnda,* of Houston, for petitioner.

The Court of Civil Appeals erred in overruling and in failing to sustain petitioner's point of error contending that the trial court erred in allowing introduction of parol evidence by respondent Minnie Hernandez for the purpose of establishing a trust of the property in question in favor of the said Minnie Hernandez, and in considering such evidence to engraft said trust. Bradshaw v. McDonald, 211 S.W. 2d 65; Kidd v. Young, 144 Texas 322, 190 S.W. 2d 65; Lindsey v. Clayman, 151 Texas 593, 254 S.W. 2d 777.

*R. O. Kenkey* and *H. C. Davidson,* both of Houston, for respondents.

Parol evidence is admissible to establish an express trust in land and the right to establish such trust was not barred by the four year statute of limitation. Cluck v. Sheets, 141 Texas 219, 171 S.W. 2d 860; McAlister v. Eclipse Oil Co., 128 Texas 449, 98 S.W. 2d 171; Kahn v. Kahn, 94 Texas 114, 58 S.W. 825.

MR. JUSTICE WALKER delivered the opinion of the Court.

■ On the principal question involved in this case, we hold that where real estate is conveyed by deed which recites a contractual consideration but which does not stipulate, either expressly or by necessary implication, that the grantee named therein shall take the equitable as well as the legal title, the parol evidence rule does not preclude the establishment of a parol trust in favor of a third person based upon a prior agreement between the grantee and such third person.

Petitioner instituted suit against respondent for the partition of real estate, and the latter filed a cross-action seeking to

establish a parol trust in the property. After a trial before the court, judgment was entered denying petitioner any relief and awarding title and possession of the property to the respondent. This judgment has been affirmed by the Court of Civil Appeals. 274 S.W. 2d 131.

Petitioner and respondent are sisters, and are the sole heirs of their mother, Calletana Castro, who died intestate on March 3, 1950. Mrs. Castro was a widow at all times relevant to this controversy, and there is no administration or necessity for administration on her estate. In 1927 the mother was unable to work and had no income, and was dependent upon respondent for her support. Prior to the purchase of the property in question, Mrs. Castro and respondent orally agreed that the property would be purchased in the name of the mother, but that respondent would pay for it, and that when the purchase price had been paid the mother would convey the property to respondent but would have the right to live there the rest of her life.

Pursuant to this agreement, Mrs. Castro on November 7, 1927, contracted in writing to purchase the property from J. H. Swope for the total consideration of $1,600.00 payable as follows: $100.00 in cash upon the execution of the contract, an additional $500.00 to be paid by the purchaser in installments of not less than $25.00 per month, and the assumption of a note for $1,000.00 theretofore executed by Swope to Miss Gussie Howard and which matured September 19, 1930. The contract stipulated that the property would be conveyed to the purchaser when the additional $500.00 had been paid. Respondent paid the initial $100.00 as well as the additional $500.00 to Swope under the contract. Thereupon Swope conveyed the property to Mrs. Castro by warranty deed dated July 31, 1930. which recited a consideration of $600.00 paid in cash and the assumption by the grantee of the payment of the Howard note. By instrument dated August 13, 1930, executed by Mrs. Castro and Miss Howard, the note was renewed and extended to mature in semi-annual installments of $100.00 each. The indebtedness evidenced by the note was paid entirely by respondent, and on January 2, 1936, the note and all liens securing same were released. The name of respondent does not appear in any of the written instruments. The prior agreement between respondent and her mother was not reduced to writing, and no deed or other instrument supporting or establishing respondent's claim to the property was ever executed by Mrs. Castro.

■ The Texas Trust Act, (Article 7425b-1, Vernon's Texas Civ. Stat.) which requires that an express trust in land be evidenced by an instrument in writing, was adopted after the occurrence of the events involved in this suit and has no application here. It is also well settled by a long line of decisions beginning with James V. Fulcord, 5 Texas 512, 55 Am. Dec. 743, that our Statute of Frauds does not prevent the engrafting of an express parol trust upon a deed absolute in form. Petitioner does not rely upon either of these statutes but by her first and second points asserts that since the consideration for the conveyance to the mother was contractual, the parol evidence rule precludes the establishment of a trust in respondent's favor. It is clear of course, that the contract and deed to Mrs. Castro do recite a contractual consideration, and there is no allegation of fraud, accident or mistake.

Petitioner relies primarily upon Kidd v. Young, 144 Texas 322, 190 S.W. 2d 65; Loeb v. Wilhite, 224 S.W. 2d 343 (Writ Ref. N.R.E.); Lindsay v. Clayman, 151 Texas 593, 254 S.W. 2d 777; and Knox v. Long, 152 Texas 291, 257 S.W. 2d 289. The principles of law announced and applied in these cases can be tracked back to the decision of this court in Kahn v. Kahn, 94 Texas 114, 58 S.W. 825, where the husband, after conveying real estate to his wife by a deed which recited a consideration of $500.00 paid by the wife " 'out of her separate funds and for her separate use and benefit,' " sued to recover his community interest in the property, contending that he did not intend to convey his interest in the property to the wife in her separate right. It was held that "without proof of fraud or mistake in the insertion of the recitals in the deed, parol evidence was not admissible to show that the maker of it did not intend to convey the property to his wife as her separate property, and this for the reason that the deed on its face clearly expressed such intent." It is apparent that the decision rests, not upon a recital of contractual consideration, but upon the fact that the instrument stipulated, in effect, that the beneficial ownership of the property was conveyed to the wife for her separate use.

The rationale of the decision is even more clearly stated in McKivett v. McKivett, 123 Texas 298, 70 S.W. 2d 694, 695, where community realty was conveyed by a husband to his wife as her separate property by deeds which recited a contractual consideration. After the death of the husband, his heirs sought to recover an undivided one-half interest in the property upon the theory that the deeds were executed pursuant to a prior agreement between the husband and wife that she would hold

the title in trust for the community. After discussing the Kahn case and stating that the *principle* upon which that decision rests is the same as that which controls the cases holding that parol evidence may not be admitted, in the absence of fraud or mistake, to prove another or different consideration when the consideration expressed in the written instrument is contractual or executory, it was said:

"* * * The evidence offered in this case is of such character as to render the deed ineffective. *It would prove that the beneficial title did not rest in the wife for her separate use, as the deed declared, but that it remained in the community.* Such evidence would contradict the very statements in the deeds which the court held in Kahn v. Kahn to belong to that class of particular and contractual recitals which the parties may not deny. *The deeds in express terms declare the particular purpose or use for which the property is conveyed; that is, that it shall belong separately to the wife. Parol evidence should not be admitted to prove that it was conveyed for a different purpose or use.*" (Emphasis supplied).

The effect of the recitals of contractual consideration was not discussed in the opinion, and the same result apparently would have been reached if the consideration stated in the instrument had not been contractual or executory. The case stands for the proposition that where a conveyance declares that the grantee is to take for his own benefit, extrinsic evidence is not admissible, in the absence of grounds for reformation or recission, to show that he was intended to hold the property in trust. The authors of the Restatement regard this as a sound proposition of law, but state that if the instrument does not declare that the transferee is to take the property for his own benefit or that he is to hold it in trust, extrinsic evidence may be admitted to show that he was intended to hold the property in trust either for the transferor or for a third party. Restatement of the Law of Trusts, Vol. 1, page 122, sec. 38.

The effect of a recital of contractual consideration in the absolute deed-parol trust situation was considered by this Court in Kidd v. Young, 144 Texas 322, 190 S.W. 2d 65, 66. A father and mother, who had conveyed land to their children by a deed which recited a contractual consideration, attempted to show by extrinsic evidence that the property was conveyed to the grantees in trust for their mother under an agreement that the legal title would thereafter be conveyed at her request either to her or to any person to whom she might sell the land. In

holding that parol evidence rule precluded proof of the extrinsic agreement, we said:

"The rule has been announced and applied many times in this state that when the consideration expressed in a deed or other contract is contractual and there is no allegation of fraud, accident or mistake, parol evidence is not admissible to contradict or vary the consideration so expressed, if the result would be to change or defeat the legal operation and effect of the instrument. * * * ."

After making this assertion and citing authorities in support of same, the opinion continues with the following statement:

"* * * The rule stated applies to any attempt to impose on the grantee in a deed a parol trust in respect to the property conveyed. * * * ."

The rule just stated was that in the absence of fraud, accident or mistake, parol evidence is not admissible to contradict or vary contractual consideration expressed in a deed or other contract. In support of the last quoted statement, we cited the Kahn case, the McKivett case, Hillman v. Graves, 134 S.W. 2d 436 (No Writ), and Small v. Brooks, 163 S.W. 2d 236 (Writ Ref. W.M.). In the Hillman and Small cases, as in Kidd v. Young, a grantor who had conveyed by absolute deed which recited a contractual consideration, sought to establish a trust in his own favor by proof of a prior or contemporaneous agreement *between the grantor and the grantee,* and it was held that the parol evidence rule precluded proof of the extrinsic agreement. As we have already pointed out, the decisions in the Kahn and McKivitt Cases turned, not upon a recital of contractual consideration, but upon the fact that the deed declared that the grantee was to become the beneficial owner of the property.

When the last quoted statement from Kidd v. Young is read in context and in the light of decisions cited in support of same, it is clear that we simply said that, in the absence of grounds for reformation or rescission, a parol trust cannot be imposed upon the grantee in an absolute deed by extrinsic evidence of a prior or contemporaneous agreement which would contradict or vary the contractual consideration recited in the conveyance. The case does not hold and the opinion does not state that a parol trust can never be engrafted upon a deed which recites a contractual consideration.

After reviewing the case, we are of the opinion that the

decision in Kidd v. Young is sound. A conveyance which recites a contractual consideration purports to set out the entire agreement between the grantor and the grantee, and proof of a prior or contemporaneous agreement *between such parties* that the latter would hold in trust for the grator or for a third person could have no other effect than to vary or add to the contractual consideration recited in the instrument by showing that the property was conveyed in consideration of another and different agreement. Upon this principle, we reaffirm our holding in Collins v. Republic Nat. Bank, 152 Texas 392, 258 S.W. 2d 305, that when the consideration expressed in the conveyance is contractual, a prior or contemporaneous agreement *between the grantor and the grantee* that the latter would hold in trust for third persons cannot be shown.

■ It was against this background that Loeb v. Wilhite, 224 S.W. 2d 343 (Writ Ref. N.R.E.), and Lindsay v. Clayman, 151 Texas 593, 254 S.W. 2d 777, were decided. In both of these cases, the husband participated in a transaction whereby realty was conveyed by a third person to the wife as her separate property, the deed or contract reciting a contractual consideration payable by the wife out of her separate estate. In the Loeb case the jury found that the consideration was paid out of community funds and that the husband did not intend to give the wife his community interest in the property. It also appeared that the title was placed in the wife's name for the purpose of defrauding creditors. The parol evidence rule was one of three separate grounds stated by the Court of Civil Appeals in support of its holding that the heirs of the husband could not recover an interest in the property. In its discussion of this phase of the case, the Court said:

" 'The deed, as executed, on its face shows purportedly that Mr. Newcom intended to convey the property to his wife for her separate use, and the consideration expressed in the deed is, for the most part, contractual; hence, in the absence of pleadings and proof that the recitals in the deed were inserted by fraud or mistake, extrinsic evidence was not admissible to vary the recitals therein which manifestly are contractual in nature. * * *.' " (Emphasis supplied).

In Lindsay v. Clayman, supra, the husband sought to establish a parol trust in the land by proof that the purchase price was paid with community funds pursuant to a prior agrement between the husband and wife that this would be done and that the wife would hold the property in trust for the community.

After discussing the Kahn, McKivett and Loeb cases, supra, we said:

"The [Loeb] case also holds that where the evidence shows the third party seeking to introduce evidence to vary the recitals in the deed is in privity with the parties to the deed, the parol evidence rule also applies to him. Petitioner was a party to the contract and in privity with the parties to the deed conveying the lots to his wife. *Since the deed states the nature of the estate conferred upon the wife* and the consideration being contractual, parol evidence is not admissible to contradict or vary the deed in the absence of allegations of fraud, accident or mistake." (Emphasis supplied).

It is clear that these decisions rest upon the fact that by the express contractual provisions of the instruments the parties stipulated and agreed that the land conveyed should be the separate property of the grantee, and not upon the mere fact that the deeds provided for a contractual money consideration. If property is conveyed by an absolute deed which by its contractual provisions stipulates, either expressly or by necessary implication, that the grantee shall be the beneficial owner of the property, proof of a prior or contemporaneous agreement that the grantee would hold in trust for a third person who participates in the transaction to such an extent as to be regarded as a party to the instrument, would clearly violate the parol evidence rule. The deed in the present case does not so stipulate, and we do not find support for the petitioner's contentions in any of the cases discussed above.

In Knox v. Long, 152 Texas 291, 257 S.W. 2d 289, 296, however, we held that if a third person by participation therein becomes a party to a transaction whereby real estate is conveyed by absolute deed for a recited contractual consideration, a resulting trust in favor of such third person cannot be engrafted upon the conveyance. Knox and wife arranged to purchase real estate, but did not take title in their names. In accordance with their instructions, the seller conveyed to Mrs. Knox's son, W. C. Holcomb, subject to an existing encumbrance and in consideration of the grantee's execution of a second lien note. Knox and wife signed the note with Holcomb. After the death of Knox, his heir and personal representative sued to recover a one-half interest in the property on the theory of a resulting trust. The jury found that eighty per cent of the purchase price was paid with funds of Knox and wife, and that Holcomb took title for their benefit. We recognized that the plaintiff might be

able to recover one-half of all community funds expended by Knox and wife in payment of debts and taxes on the property, but on the question of a resulting trust said:

"* * * The deed to the property was made to W. C. Holcomb at the request of W. C. Knox and Harryett H. Knox. The deed recites a contractual consideration. Mrs. Long stands in privity with her father, W. C. Knox; therefore, parol evidence is not admissible to show that the title to the Dallas property is different from that shown in the deed. * * *."

The decision goes somewhat farther than any of our previous holdings. The deed did not declare that the grantee should become the beneficial owner of the property, which was regarded as a controlling circumstance in the Kahn, McKivett, Loeb and Lindsay cases. Unlike Kidd v. Young, supra, the trust was not based upon an agreement between the grantor and the grantee named in the deed, and the extrinsic evidence did not contradict or vary any of the provisions of the instrument.

In support of our holding in the Knox case, we cited Kidd v. Young, supra, which has already been discussed; Nye v. Bradford, 144 Texas 618, 193 S.W. 2d 165, 169, A.L.R. 1; Goldberg v. Zellner, Texas Com. App., 235 S.W. 870; and Russell v. Russell, 132 Texas 73, 120 S.W. 2d 793. While the parol evidence rule was considered and applied in the Nye and Russell cases, the conveyances involved in those cases did not recite a contractual consideration. The Goldberg case holds that where land is conveyed to the wife as her separate property, part of the consideration being evidenced by notes executed by the grantee and her husband, subsequent payment of the notes with community funds does not give the community estate any inteerst in the property. The effect of the parol evidence rule or the recital of contractual consideration is not discussed.

The parties have not cited, nor have we found, a decision from another jurisdiction which reaches the result of the Knox case by the application of the parol evidence rule to a conveyance which recites simply a contractual money consideration. Upon somewhat similar facts, the Supreme Court of Massachusetts refused to enforce the trust because the evidence failed to show a prior agreement by the third person to pay the purchase price, his joinder in the execution of the purchase money note apparently not being regarded as equivalent to such an agreement. Moat v. Moat, 301 Mass. 469, 17 N.E. 2d 710.

There are, however, many decisions from other jurisdictions which enforce a resulting trust which arises by virtue of the payment by a third person of the contractual consideration expressed in a conveyance when the payment is made pursuant to an agreement between the grantee and such third person prior to or at the time of the delivery of the deed. See Bogert, Trusts and Trustees, Vol. 2A, p. 447, sec. 456, notes 4, 5 and 6, and cases cited. In at least three cases, moreover, this court has held that when two persons orally agree to purchase land together, and with their consent the conveyance for a recited contractual consideration is made to one of them, then upon payment or tender by the other purchaser of his share of the purchase price, a valid and enforceable parol trust arises in favor of the latter. Barnett v. Vincent, 69 Texas 685, 7 S.W. 525; McAlister v. Eclipse Oil Co., 128 Texas 449, 98 S.W. 2d 171; Cluck v. Sheets, 141 Texas 219, 171 S.W. 2d 860. And in Johnson v. Smith, 115 Texas 193, 280 S.W. 158, a parol trust based upon an agreement between the grantee in a vendor's lien deed and third persons who paid the entire purchase price evidenced by vendor's lien notes mentioned in the deed, the agreement being made after delivery of the deed but before any of the purchase price was paid, was recognized and enforced. In these cases, however, the parol evidence rule is not discussed and apparently was not raised by the parties.

■ Upon further consideration of the question, we have concluded that a recital of a contractual consideration in an absolute conveyance, standing alone, affords no basis for invoking the parol evidence rule with respect to extrinsic proof of a prior or contemporaneous agreement between the grantee and a third person which, when followed by the third person's payment of the consideration, gives rise to an express or resulting trust in favor of the latter.

■ The presence or absence of a recital of contractual consideration is not a magic key for determining the applicability of the parol evidence rule in all cases. It does become a material circumstance when a party seeks by extrinsic evidence to show that a written instrument was executed for a consideration different from that expressed in the instrument. As we stated in Bradshaw v. McDonald, 147 Texas 455, 216 S.W. 2d 972:

"When the common law rules of evidence were incorporated into Texas law, there were certain firmly established limitations or exceptions to the rule that parol evidence was inadmissible to contradict or vary the terms of an instrument in writing.

Among these was the principle that parol evidence was admissible to vary or contradict a recital of consideration in a written instrument. This exception, developed in the common law courts of England, was based on the reasoning that proof of a different consideration did not come within the abuses sought to be prevented by the parol evidence rule. *Where, however, the consideration expressed in the writing was not a mere rcital but was contractual in nature, the exception did not operate and parol evidence was not let in to show an additional or different consideration.*" (Emphasis supplied.)

■  The parol evidence rule as commonly expressed is to the effect that in the absence of fraud, accident or mistake, parol or extrinsic evidence is not admissible to contradict or vary the terms of a written instrument. 32 C. J. S. 784, Evidence sec. 851. Professor Wigmore points out that while this states the effect of applying the rule, it can never serve as a test to determine in the first instance whether the rule is applicable. He suggests, as a more accurate statement of the rule, that "when a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act." He also indicates that in determining the applicability of the rule, "the fundamental question is as to the intent of the parties to restrict the writing to specific elements or subjects of negotiation; and if that intent existed, then the other subjects of negotiation can be established, even though they be (as they usually are) different from the writing." Wigmore, Evidence, 3rd Ed. 1940, Vol. IX, p. 76, Sec. 2425, p. 102, Sec. 2431.

■  Regardless of the test used, however, we think the parol evidence rule is not applicable to the present case. The subjects covered by the contract and deed are the conveyance of the property to Mrs. Castro and her obligation to pay the grantor and the holder of the outstanding encumbrance. The instruments purport to set out, and it is clear that the parties intended that they should express, only the terms of the transaction between the seller and Mrs. Castro. As between Mrs. Castro and respondent and by virtue of their oral agrement, the latter was obligated to make the payments contemplated by these instruments, but this agreement did not affect or impair Mrs. Castro's obligations under the terms of the instruments and did not vary or contradict the consideration expressed therein. The effect of the extrinsic evidence is not to contradict or impair any of the terms or provisions of the deed, but simply to charge Mrs. Castro, as the legal owner under the deed, with a

trust which arises as a result of her agreement with respondent with the latter's payment of the purchase price.

To the extent that it conflicts with our present decision, the case of Knox v. Long, supra, is overruled.

■ By her third point, petitioner says that the evidence, which is reviewed in some detail by the Court of Civil Appeals, is not sufficient to engraft a trust in favor of respondent on the land in question. Proof of the agreement between Mrs. Castro and respondent depends almost entirely upon respondent's testimony, but a number of disinterested witnesses testified to statements by Mrs. Castro confirming that the purchase price had been paid by, and that the property belonged to, respondent. There are no findings of fact and conclusions of law by the trial court. Since we cannot say, as a matter of law, that there is no evidence to support findings by the trial court of the facts stated herein, it is not necessary for us to determine whether a point of "no evidence" is properly preserved and presented.

We agree with the Court of Civil Appeals that the respondent is here asserting an equitable title sufficient to support an action in trespass to try title, and that the four-year statute of limitations has no application. Stafford v. Stafford, 96 Texas 106, 70 S.W. 75; Carl v. Settegast, Texas Com. App., 237 S.W. 238.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

ASSOCIATE JUSTICE GRIFFIN dissenting.

Opinion deliverel December 14, 1955.

Rehearing overruled January 18, 1956.