**Myrtle MESSER et al., Petitioners,**

v.

**Esther JOHNSON, Respondent.**

**No. B–321.**

Supreme Court of Texas.

Jan. 10, 1968.

Allen & Allen, Perryton, Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, for petitioners.

Linn & Helms, James P. Linn and Richard N. Countiss, Spearman, Gene E. Steed, Perryton, for respondent.

WALKER, Justice.

Real estate was conveyed to a married woman. Her husband joined in the deed as one of the grantors, and the instrument declared that the land was conveyed to the grantee as her separate estate and to her sole and separate use. The question to be decided is whether parol evidence may be received to show a resulting trust in favor of the community estate. We reaffirm the rule that it may not.

John E. Johnson and Pearl Johnson were married in 1930. The land in question was conveyed to the latter by H. T. Smith on June 9, 1943. John E. Johnson, who previously owned no interest in the property, is named in the deed as one of the grantors.

He and H. T. Smith duly executed and acknowledged the instrument on the same day, and it was promptly filed for record. The deed recites a consideration of $12,480.00 paid in cash and expressly conveys the property to Pearl Johnson as "her sole and separate estate, and to her sole and separate use." This recital appears in the granting clause, the habendum clause and the warranty clause, but the deed does not state that the consideration was paid by the grantee out of her separate property.

Pearl Johnson died testate in 1961. Under the terms of her will, John E. Johnson was named independent executor without bond, was bequeathed all of her personal property, and was given a life estate in all of her real estate with remainder to Myrtle Messer et al, who are defendants in the present suit. Johnson was also given the power "to sell or mortgage any such portion of my real estate * * * that may be necessary for his comfortable support."

Johnson inventoried the land in the probate proceedings as community property. About three years later he instituted the present suit to establish a resulting trust in favor of the community and to obtain a construction of Pearl Johnson's will. After the suit was filed but before it was tried, he conveyed the land without warranty to his present wife, Esther Johnson, who was then substituted as plaintiff.

According to the evidence introduced at the trial, Johnson arranged for the purchase of the land and paid the $12,480.00 consideration out of community funds. He did not intend to give the property to Pearl but had it deeded to her because he was afraid of his son by a former marriage. He placed the title in her name as a matter of convenience to avoid any trouble with the son and to insure that neither the son nor anyone claiming through him could inherit the property in the event of Johnson's death. It also appears that the land was managed, used and held just as though it were community property.

Defendants objected to all testimony of this nature on the ground that it violated the parol evidence rule. Their objections were overruled and the case was submitted to the jury, which found: (1) that at the time of the conveyance, John E. and Pearl Johnson intended that the land would be their community property; and (2) that the title was conveyed to Pearl in trust for the use and benefit of herself and John. Judgment was rendered on the verdict decreeing that plaintiff owns an undivided one-half interest in the land in fee simple and an estate measured by the life of John in the other undivided one-half interest. The Court of Civil Appeals affirmed. 415 S.W. 2d 276.

We assume without deciding that the issues submitted to the jury are raised by the extrinsic evidence introduced. Plaintiff says that the action of the trial court in admitting such evidence and basing its judgment thereon is supported by cases such as McCutchen v. Purinton, 84 Tex. 603, 19 S. W. 710. There, as here, the deed was from a third party to the wife. The instrument recited that the consideration was paid out of her separate estate and purported to convey the land to her as her separate property. Unlike the present case, however, the husband did not join in the deed and there is nothing to suggest that he participated in the transaction. It was held that the recitals in the deed, when uncontradicted and unexplained, overcame the presumption that the land was community property. The opinion further states that:

"If such recitals are untrue, and the payment of the consideration was in fact made with community funds, the evidence thereof would be admissible in a proper case to establish a resulting trust in favor of the community estate, as in other cases where the title is conveyed to one party, and the purchase money is paid by another."

The rule is otherwise where the deed to the wife is from the husband or the latter participates in the transaction to such an ex-

tent that he may fairly be regarded as a party to the instrument. In Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825, the property had originally been conveyed to the wife, and the consideration was paid in part with funds belonging to the community estate, in part with the husband's separate funds and in part out of the wife's separate estate. Upon the representation that such a step was necessary to obtain a loan, the wife joined her husband in deeding the land to a third party, who then conveyed it to the husband. No loan was obtained, and the wife demanded that the property be reconveyed to her. The husband executed and delivered to her a deed which recited a consideration of $500.00 paid by the grantee "out of her separate funds, and for her separate use and benefit." The husband later attempted to recover an interest in the land by proving that his deed to the wife was made to keep peace in the family and that he did not intend to convey his interest to the grantee as her separate property. It was held that "without proof of fraud or mistake in the insertion of the recitals in the deed, parol evidence was not admissible to show that the maker of it did not intend to convey the property to his wife as her separate property, and this for the reason that the deed on its face clearly expressed such intent."

In McKivett v. McKivett, 123 Tex. 298, 70 S.W.2d 694, community realty was conveyed by a husband to his wife as her separate property. After the husband's death, his heirs sued to recover an interest in the property on the theory that his conveyance was executed pursuant to a prior agreement between the husband and wife that she would hold the title in trust for the community estate. The deed recited a contractual consideration, but the effect of this recital is not discussed in the opinion. In holding that extrinsic evidence was not admissible to show that the parties intended for the grantee to hold the property in trust, the Court said:

"The evidence offered in this case is of such character as to render the deed in-

effective. It would prove that the beneficial title did not rest in the wife for her separate use, as the deed declared, but that it remained in the community. Such evidence would contradict the very statements in the deeds which the court held in Kahn v. Kahn to belong to that class of particular and contractual recitals which the parties may not deny. The deeds in express terms declare the particular purpose or use for which the property is conveyed; that is, that it shall belong separately to the wife. Parol evidence should not be admitted to prove that it was conveyed for a different purpose or use."

It has also been held that an express or resulting trust in favor of the community may not be established by extrinsic evidence where property is conveyed by a third party to the wife as her separate estate and the husband participates in the transaction to such an extent that he should be regarded as a party to the instrument. Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777; Loeb v. Wilhite, Tex.Civ.App., 224 S.W.2d 343 (wr. ref. n. r. e.). The opinions in *Lindsay* and *Loeb* emphasize the recitals of contractual consideration in the deed or contract of purchase there involved. As pointed out in Jackson v. Hernandez, 155 Tex. 249, 285 S.W.2d 184, 189, however, the real basis for the application of the parol evidence rule in such cases is the stipulation in the deed that the land was conveyed to the grantee as her separate property, because the same constitutes a declaration that the grantee is to take the property for her own benefit.

It is clear then that extrinsic evidence was improperly admitted in the present case unless the line of decisions represented by *Kahn, McKivett, Lindsay* and *Loeb* is to be overruled. We are urged by an amicus curiae brief to relax the parol evidence rule here because there are situations in which the spouses will find it desirable to create an appearance of separate ownership while intending that the wife shall hold title in trust for the community es-

tate. If the alleged oral agreement is one that might normally be made by the parties under the circumstances, it is argued, evidence thereof should be admitted and the trier of fact allowed to determine whether the recital of separate ownership was intended to be colorable only. In the event it was so intended, the argument continues, the oral agreement is necessarily "collateral" to the deed, because the parties could not have meant for the latter to express their entire agreement concerning ownership. See Fritz, Marital Property—Effects of Recitals and Credit Purchases, 41 Tex.L.Rev. 1, 33; McCormick on Evidence § 216.

The argument is appealing, because there are undoubtedly cases in which the parol evidence rule operates to defeat the true intention of the parties. On the other hand it is entirely proper to deny legal effect to prior or contemporaneous understandings when the parties intend for the written memorial to be the sole expression of their final agreement. The question often arises then as to whether only part of the transaction has been embodied in the writing and another part left in some other form. According to Professor Wigmore this depends wholly upon the intention of the parties, which must be determined from their conduct and language and the surrounding circumstances. In deciding upon such intent, however, "the chief and most satisfactory index for the judge is found in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing." IX Wigmore on Evidence, 3rd ed. 1940, § 2430.

■ In this instance the deed declares in several places that the property was conveyed to the grantee as her separate property and to her sole and separate use. The ordinary and accepted meaning of these terms is that the grantee should take and hold the land for her own benefit. It also appears that John E. Johnson went out of his way to sign the deed when there was no reason for his doing so except to

evidence an intention to make a gift to his wife. It is our opinion that in these circumstances the husband should not be heard to say that he did not intend to make his wife the beneficial owner of the land as the deed declared. We adhere, therefore, to the general rule that where an inter vivos written transfer of property stipulates that the transferee is to take the property for his own benefit, extrinsic evidence is not admissible, in the absence of equitable grounds for reformation or rescission, to show that he was intended to hold the property in trust. See Restatement, Second, Trusts § 38; IX Wigmore on Evidence, 3rd ed. 1940, § 2437; I Bogert on Trusts, 2d ed. 1965, § 51. There is no allegation or evidence here of fraud, duress or mistake, and we hold that Pearl Johnson was the legal and equitable owner of the land as her separate property at the time of her death.

■ The will of Pearl Johnson empowered John E. Johnson to sell or mortgage any portion of her real estate that might be necessary for his comfortable support. This did not authorize him to defeat the interests of the remaindermen by making a gift of the land. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1. It is undisputed that his conveyance to Esther Johnson, plaintiff, was made as a gift and did not constitute a sale or mortgage. The deed thus conveyed only the life estate of John E. Johnson in the land.

■ Defendants say that the judgment in this case should declare that by virtue of his sworn disclaimer, John E. Johnson is now judicially estopped from exercising the power to sell or mortgage vested in him by Pearl Johnson's will. Since a declaratory judgment on that issue was not sought in the trial court, it cannot be obtained here. Defendants did, however, have a cross-action to remove cloud from title, and the judgment should include a determination that the property was the separate estate of Pearl Johnson at the time of her death and, in view of the disclaimer, an

adjudication that John E. Johnson now has no right, title or interest therein.

■ The record contains a number of stipulations concerning several oil and gas leases held by Anadarko Production Company and certain overriding royalty interests owned by Sam L. Hendrix and V. Ross Brown. We are unable to determine whether such leases and royalty interests are still valid and outstanding. The judgment in this case should recognize and preserve the same to the extent that they are valid and subsisting and remove cloud from title with respect to such as may have terminated. The judgments of the courts below are accordingly reversed and the cause is remanded to the district court with instructions to determine the status of the above mentioned oil and gas leases and overriding royalty interests and then render judgment not inconsistent with this opinion. ·