Esther JOHNSON, Appellant,

v.

Myrtle MESSER et al., Appellees.

No. 7898.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 20, 1969.

Rehearing Denied Feb. 17, 1969.

**644**

Gene E. Steed, Perryton, Linn, Helms &
Countiss, Spearman, Gene E. Steed, Perry-
ton, of counsel, for appellant.

Allen & Allen, Perryton, Gibson, Ochs-
ner, Harlan, Kinney & Morris, J. Hadley
Edgar, Jr., Amarillo, of counsel, for appel-
lees.

NORTHCUTT, Justice.

A prior trial of this case involved a trespass to try title suit and the construction of the will of Pearl Johnson filed by John E. Johnson to determine the title and ownership of ½ section of land in Ochiltree County. The judgment in that case construed only the character of the ownership Pearl Johnson acquired as grantee in a deed and only those parts of the will were construed by the trial court, Court of Civil Appeals and Supreme Court. 422 S.W.2d 908.

The original deed to Pearl Johnson, as grantee, was executed by H. T. Smith, individually and as community administrator of the community estate of himself and deceased wife, Lillian V. Smith, and John E. Johnson as grantors. The deed transferred the property to Pearl Johnson, her sole and separate estate, and to her sole and separate use, heirs and assigns forever.

The Supreme Court ruled that the land in question was the separate property of Pearl Johnson, now deceased, and became such at the time of acquisition of the property by virtue of the recitals in the deed and the nonadmissibility of parol evidence to vary the terms of the deed. The Supreme Court also ruled that although the terms of the will of Pearl Johnson, deceased, authorized the sale of the property by John E. Johnson, if necessary for his comfortable support, he could not make such a gift of the property to his present wife, Esther Johnson, which would cut off the remaindermen in the will.

This case involves solely the claims of Esther Johnson. It has been held by the Supreme Court that John E. Johnson had a life estate in the real estate here in question and that he had conveyed whatever right or interest he had to Esther Johnson. The property has been leased for oil and gas. The main issues here concern the oil royalties. In this case, the trial court entered judgment that John E. Johnson had no right, title or interest in the property; that the remaindermen were entitled to all

the royalties, with the owner of the life estate, Esther Johnson, being entitled only to interest from the royalties, measured by the life of John E. Johnson, and appointed a trustee for investment of the royalty money and payment of the interest to Esther Johnson, successor to the life tenant, John E. Johnson, less ad valorem taxes, and the corpus of the royalties to be distributed to the remaindermen after the death of John E. Johnson. From that judgment Esther Johnson perfected this appeal.

By appellant's first point of error it is contended the trial court erred in failing to construe the sale of an oil, gas or other mineral lease by John E. Johnson as an exercise of his power of sale contained in the will of Pearl Johnson.

Pearl Johnson willed all her personal property to John E. Johnson. By her will she gave, devised and bequeathed to John E. Johnson the control, use, possession, proceeds and income from all her real property for and during his lifetime and authorized him to sell or mortgage any portion of said real estate that might be necessary for his comfortable support. He gave the real estate to his wife, Esther Johnson, by a deed stating the consideration as being the love and affection he had for her. The only rights he acquired under Pearl Johnson's will was a life estate with the right to sell, if necessary, for his comfortable support. There are no pleadings nor any evidence in this record to even indicate that it was necessary to sell the real estate or to execute the oil and gas lease for Johnson's comfortable support. However, we do not consider that John E. Johnson and Esther Johnson ever sold an oil and gas lease; but that they, as well as the remaindermen, only executed an oil and gas lease. John E. Johnson only had during his lifetime the use, possession, proceeds and income from the real estate. The only right Johnson had to the disposition of the corpus was if it became necessary for his comfortable support, and Esther Johnson had no more right than was

given to John E. Johnson under the will of Pearl Johnson. The will was the instrument that determined the right of Johnson and was the writing relied upon and must be proved. Since there are no pleadings nor proof that such sale was necessary for his comfortable support, that issue was waived by appellant. Rutherford v. Page, Southerland & Page, 429 S.W.2d 602 (Tex.Civ.App., n. r. e.); Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Sup.Ct.); Glen Falls Insurance Co. v. Peters, 386 S.W.2d 529 (Sup.Ct.) and cases there cited. Appellant's first point is overruled.

■■■ By appellant's second point it is contended the court erred in failing to apply the "open mine doctrine" to the property in question insofar as oil and gas and other mineral royalties are concerned.

In determining the interest acquired by John E. Johnson under the will of Pearl Johnson, we must consider her intent expressed in her will as to what she was leaving to her husband, John E. Johnson. It is clear here that her intentions were to leave John E. Johnson a life estate only and the corpus of her estate to remain in tact for the remaindermen unless it became necessary for the comfortable support of John E. Johnson that the corpus be sold, and that necessity never arose. Neither was it contended by the pleadings and evidence that such necessity did arise so far as this record shows. The oil and gas leases here involved were executed after the death of Pearl Johnson and the oil wells were not open at the time the life estate of John E. Johnson began. The royalties were a part of the corpus that was reserved to the remaindermen and all the appellant had was the control, use, possession, proceeds and income from the real property during the life of John E. Johnson, and had no right to the royalties as part of the corpus, but only had the right to the income from the royalties. It is stated in Ciyde v. Hamilton, 414 S.W.2d 434 (Sup.Ct.) as follows:

"The general rule of property law is that a life tenant may not dispose of the corpus of the estate. It is to be preserved for the remaindermen. At common law, the life tenant was impeachable for waste, and he could not ordinarily open a new mine without the joinder of the remaindermen. In this state, minerals are part of the land, and royalties and bonuses are part of the consideration for the sale of the land. The royalties and bonuses, therefore, are corpus which is to be preserved for the remaindermen. The life tenant, however, is entitled to the interest or income derived from the investment of the royalties and bonus. Mitchell v. Mitchell (first appeal), 151 Tex. 1, 244 S.W.2d 803 (1951); Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297 (1942); Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986 (1905); Woodward, The Open Mine Doctrine in Oil and Gas Cases, 35 Texas L.Rev. 538 (1957)."

We overrule appellant's second point of error.

■■ Appellant contends by her third point of error that the trial court erred in failing to preserve a claim for reimbursements by her as assignee of John E. Johnson for $6,240.00 being an undivided ½ of $12,480.00 of community funds used to purchase the property in question when purchased by Pearl Johnson.

First, there is nothing in this record to show John E. Johnson ever sought to recover or claim he was entitled to recover the $6,240.00 as his part of the community funds going into the purchase of the real estate here involved. There are no pleadings herein seeking to recover the $6,240.00. The Supreme Court has held that the conveyance to Esther Johnson, appellant herein, was made as a gift and did not constitute a sale or mortgage. Consequently, we have no pleadings seeking to recover the $6,240.00 nor any right appellant had to claim such sum. John E. Johnson only had a life estate in the property and all he con-

veyed to Esther Johnson was the interest he had, and all that Esther Johnson could claim. There is nothing in this record to indicate John E. Johnson assigned or attempted to assign any claim for reimbursement to appellant. Appellant's third assignment is overruled.

The judgment of the trial court is affirmed.