Herbert H. LEHMAN, Independent Executor under the Will and of the Estate of Cora T. Lehman Kay, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 71–1709

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1971.

Emory T. Carl, Houston, Tex., for plaintiff-appellant; Carl, Lee & Fisher, Houston, Tex., of counsel.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409 (5 Cir., 1970), Part I.

Ben A. Douglas, Tax Div., Dept. of Justice, Dallas, Tex., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Gilbert E. Andrews, Attys., Dept. of Justice, Tax Div., Washington, D. C., Anthony J. P. Farris, U. S. Atty., George R. Pain, James R. Gough, Asst. U. S. Atty., Houston, Tex., Elmer J. Kelsey, Richard Halberstein, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is a suit for refund of Federal estate taxes brought by Herbert Lehman as independent executor of the estate of Mrs. Cora Lehman Kay. Essentially the issue is whether by the terms of her husband's will [1] Mrs. Kay held at her death an unreleased general power of appointment [2] over the assets of her husband's estate, or whether she was merely a life tenant with strictly limited power to consume the property for her own support. The District Court entered judgment for the United States. [3] We affirm.

The nature and extent of Mrs. Kay's authority under the will is, of course, initially to be determined by reference to the applicable State law, in this case the Texas law of wills. However, if the practical exercise of her powers of disposition and control for her own benefit was not confined within limitations at least as stringent as those prescribed by Federal law, she enjoyed a general power of appointment for Federal estate tax purposes regardless of the label attached to her interest by State courts. Jenkins v. United States, 5 Cir.,

---

1. The relevant provisions of the will are as follows:

   "II. I hereby will, devise, and bequeath all of my estate to my beloved wife, Cora T. Lehman, for and during her natural life, and at her death all of my estate remaining undisposed of, together with the proceeds then remaining of any portion of my estate disposed of during the life of my said wife, shall vest in my son, Herbert H. Lehman, and my daughter, Annie Lehman Hueter, share and share alike, or if either of them be dead, in his or her heirs per stirpes. I hereby will and direct that my said wife, during her lifetime, shall have full and complete power and authority to manage, control, sell, lease (including the making of oil, gas, or other mineral leases), convey, subdivide, mortgage, or otherwise encumber all or any part of my estate, whether real, personal or mixed, at such times, on such terms, and for such considerations as to her, in the exercise of her own discretion, shall seem proper, and to invest or re-invest the proceeds of any such sale, lease, mortgage, conveyance, or encumbrance in such manner as she shall deem advisable; and to consume for her own use, benefit, comfort, support, and maintenance, all or any part of the corpus of my estate or proceeds thereof whenever she, in her own discretion, deems the income, rents, and revenues thereof insufficient for her *support, maintenance, comfort, and welfare*. It is further my will and I expressly direct that my said wife shall not be subject nor in any manner subjected to any necessity for an accounting for her management, control, sale, lease, mortgage, conveyance, or encumbrance of my estate or the proceeds thereof."

   (Emphasis added)

2. Generally § 2041 of the Internal Revenue Code of 1954 provides that the gross estate shall include the value of all property with respect to which the decedent possessed at the time of his death an unreleased general power of appointment *created after October 21, 1942*. The term "general power of appointment" is defined as:

   " * * * a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate; except that—

   (A) A power to consume, invade, or appropriate property for the benefit of the decedent which is limited by an ascertainable standard relating to the health, education, support, or maintenance of the decedent shall not be deemed a general power of appointment."

   26 U.S.C.A. § 2041(b) (1) ; See also Estate Tax Regs. § 20.2041–1 et seq.

3. The District Court's opinion is unofficially reported in 71–1 U.S.T.C. par. 12744.

1970, 428 F.2d 538, 547, cert. denied, 400 U.S., 829, 91 S.Ct. 59, 27 L.Ed.2d 59; Grossman v. Campbell, 5 Cir. 1966, 368 F.2d 206; Phinney v. Kay, 5 Cir., 1960, 275 F.2d 776. Appellant does not dispute this well-established proposition. Rather, he contends that under State law the decedent's power to "consume, invade, or appropriate" the assets of the estate was confined within legal limitations sufficiently definite to exempt it from the statutory definition of a general power. The ultimate issue, then, is whether the testamentary language, given a Texas-style construction, actually confined Mrs. Kay's authority to the "ascertainable standard" demanded by § 2041.

The will is not ambiguous. By its terms Mrs. Kay was given broad powers of disposition and control over the estate and its income, including unconditional authority to sell or encumber any of its assets, at any time, on any terms, for any reason. She was authorized to consume the corpus of the estate whenever she found the income insufficient for her "support, maintenance *comfort*, and *welfare*."[4] Moreover, she was unconditionally relieved of all responsibility to make any accounting to anyone of her management of the assets. Whatever restrictions Texas courts may impose upon the exercise of this sort of discretion, we believe Mrs. Kay's authority under the will and under Texas law substantially exceeded the strict limitations requisite for its immunization against Federal estate tax.

The District Court characterized the decedent's interest in the property as a "defeasible fee simple absolute." The appellant contends that it was at most a life estate. Again, however, we emphasize that these alternative characterizations are relevant only insofar as they provide a short-hand label describing the practical effect of Mrs. Kay's powers of

disposition and control, including her power to consume or appropriate the property for her own benefit. The critical fact is that regardless of the name attached to it her interest was obviously coupled with plenary authority to convey, encumber or consume the property, and Texas courts have consistently accorded full force and effect to similar testamentary provisions. Messer v. Johnson, Tex.S.Ct., 1968, 422 S.W.2d 908, 912; Commercial Bank, Unincorporated of Mason, Tex. v. Satterwhite, Tex.S.Ct., 1967, 413 S.W.2d 905, 909; Murphy v. Slaton, 1954, 154 Tex. 35, 273 S.W.2d 588; Harrell v. Hickman, 1948, 147 Tex. 396, 215 S.W.2d 876, 879; Nye v. Bradford, 1946, 144 Tex. 618, 193 S.W. 2d 165, 167; Edds v. Mitchell, 1945, 143 Tex. 307, 184 S.W.2d 823, 825; McMurray v. Stanley, 1887, 69 Tex. 227, 6 S.W. 412, 415.

Our conclusion is the same even if we accept appellant's contention that Mrs. Kay was merely a life tenant rather than the holder of a conditional or defeasible fee. While a power of sale does not authorize the life tenant to defeat the remainderman's interest by giving the property away, Messer v. Johnson, *supra*, Nye v. Bradford, *supra*, and while the proceeds from a sale by the life tenant, if not consumed at death, will pass under the will in exactly the manner prescribed for the original property, Edds v. Mitchell, *supra*, these restrictions relate to the power to convey, not to the power to consume. Appellant has cited no Texas cases, and we have found none, imposing any legal limitation whatever on a life tenant's power to consume for purposes of "support, maintenance, comfort or welfare." The will plainly gave Mrs. Kay precisely that authority and simultaneously freed her from any responsibility to account to anyone for its exercise. The clear implication of cases interpreting similar tes-

4. This language is unfortunate in view of the Regulations' position that "a power to use property for the *comfort, welfare,* or happiness of the holder of the power is not limited by the requisite standard." (Emphasis added) Estate Tax Reg. § 20.2041–1(c) (2).

tamentary provisions[5] is that she possessed an unrestricted and discretionary right—at least in the absence of evidence of actual fraud—to consume the property, governed only by her own personal assessment of her own personal needs. Guest v. Bizzell, Tex.Civ.App., 1954, 271 S.W.2d 472, 476, err. ref.; 37 Tex.Jur.2d § 38. Had she exercised that right, she could have completely defeated the contingent remainders that followed. Commercial Bank, Unincorporated of Mason, Tex. v. Satterwhite, supra, 413 S.W.2d at 909; Hanna v. Ladewig, 1889, 73 Tex. 37, 11 S.W. 133, 135.

The restrictions Texas law imposed upon Mrs. Kay's power to convey were not the restrictions necessary to exempt her power to consume from the operation of § 2041. She therefore held at her death a general power of appointment, and the value of her property subject to it was properly included in her gross estate.

Affirmed.

Hastie, Circuit Judge, filed a dissenting opinion.

5. First Nat. Bank of Beaumont v. Howard, 1950, 149 Tex. 130, 229 S.W.2d 781 and State of Texas v. Rubion, 1958, 158 Tex. 43, 308 S.W.2d 4, two cases upon which appellant relies, both deal with express trusts and are therefore inapplicable.